**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PETER FURTADO,

Plaintiffs,

v.

REPUBLIC PARKING SYSTEM, LLC and SCOTT TITMUS.

Defendants

**Case No. 1:19-cv-11481**

# PLAINTIFFS' OPPOSITION TO DEFENDANT, REPUBLIC PARKING SYSTEM, LLC'S PARTIAL MOTION TO DISMISS

Michael C. Forrest, Esq.
David J. Relethford, Esq.
Brian P. McNiff, Esq.
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970

# TABLE OF CONTENTS


I. INTRODUCTION AND FACTUAL BACKGROUND ..... 1

II. ARGUMENT ..... 2

A. STANDARD OF REVIEW ..... 2

B. COMP TIME CONSTITUTES WAGES TO BE PAID UNDER MASSACHUSETTS LAW ..... 3

C. TRANSPORTATION EXPENSES ARE REQUIRED TO BE PAID AS WAGES ..... 7

D. THE FAILURE TO PAY TRAVEL EXPENSES IS ENFORCEABLE UNDER THE WAGE ACT ..... 11

E. A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF 454 CMR 27.04 ..... 13

III. CONCLUSION ..... 16

NOW comes Plaintiff, Peter Furtado ("Furtado" or "Plaintiff"), and submits his opposition, to Defendant, Republic Parking System, LLC ("Republic Parking") Partial Motion to Dismiss ("*Partial Motion to Dismiss*").

## I. INTRODUCTION AND FACTUAL BACKGROUND

Republic Parking seeks to dismiss Counts II and III wherein Plaintiffs assert that Defendants have failed to pay Comp Time and transportation expenses under the Massachusetts Wage Act. See generally, *Partial Motion to Dismiss*. In doing so, Republic Parking either ignores or misapplies the Massachusetts Wage Act.

Furtado has alleged that Defendant, Republic Parking System, LLC, and its President, Scott Titmus, consistently failed to pay their employee, Furtado, wages earned, benefits promised, and expenses to which he is entitled under Massachusetts law.

Specifically, Furtado has alleged that Defendants expressly promised to pay Furtado "Comp Time" as compensation for the work performed by Furtado which work went beyond his normal job duties. *Complaint* ¶¶ 67-70. The Comp Time promised to Furtado was intended to compensate Furtado in the same manner that his regular wages compensated him, but the Comp Time was specifically intended as compensation for time spent working late nights, during winter blizzards, and other emergency situations. Id. ¶¶ 73; and 74.

Plaintiff recorded all of his Comp Time for the winter of 2018-2019 and submitted same to Republic Parking. Id. ¶¶ 75-77. Plaintiff's records show that he earned 70 hours of Comp Time prior to May 1, 2019. Id. Plaintiff alleged that he earned the Comp Time at the time the labor was performed. Id. ¶¶ 83-84.

Republic refused to pay Plaintiff any of his Comp Time. Id. ¶ 88.

Further, Furtado has alleged that Defendants expressly promised to pay Furtado for Travel

Expenses as was required under the Wage Act. *Complaint* ¶ 90-99. Plaintiff alleges that he utilized his own vehicle and travelled thousands of miles as part of his employment with Republic and for the benefit of Republic. Plaintiff alleges that Republic failed to compensate Furtado for his travel expenses. Id. ¶¶ 91-93.

In addition to Furtado's Comp Time and Travel Expense claims, Furtado makes additional claims for recovery, but Defendants have neither (1) moved to dismiss those counts, or (2) answered the complaint either admitting or denying the Plaintiff's allegations. See generally, *Partial Motion to Dismiss*.

Finally, Furtado notes that Defendant, Scott Titmus has not moved to dismiss any of the counts against him. That is, Mr. Titmus was served with the Complaint on June 14, 2019, and has not joined or moved, through the instant *Partial Motion to Dismiss* to dismiss the claims made against him. Id. Mr. Titmus failure to answer the complaint or move to dismiss the counts against him is noteworthy.

WHEREFORE, for reasons set forth herein, Republic Parking's motion should be denied in its entirety.

## II. ARGUMENT

### A. STANDARD OF REVIEW.

To survive a motion to dismiss, a complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Cardigan Mountain Sch. V. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir.2015)(quoting Fed. R. Civ. P. 8(a)(2)). Further, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a complaint must still contain "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007). In determining the sufficiency of a complaint, "the Court 'first must

distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Sepulveda v. UMass Corr. Health, Care, 2016 WL 475168, at *4 (D. Mass. Feb. 5, 2016) (citations omitted). At that point, "the court must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### B. COMP TIME CONSTITUTES WAGES TO BE PAID UNDER MASSACHUSETTS LAW.

Republic Parking moves to dismiss Count II of Plaintiff's *Complaint* based upon its unsupported and conclusory assertion that while the Wage Act covers definitively determinable wages like "vacation [and] holiday pay…the Wage Act does not encompass compensation not expressly enumerated [like Comp Time]." *Partial Motion to Dismiss* at 4.

As an initial matter, the Comp Time for which Furtado seeks compensation was a definitively determinable wage earned for labor performed.

That is, the Comp Time was to be paid for additional work beyond Furtado's normal duties. See, *Complaint* ¶¶ 67; 72 -74. Specifically, Republic Parking promised managers, including Furtado, Comp Time in blizzard and emergency situations. See, *Complaint* ¶¶ 67; 72 -74. Further, the Comp Time sought is for additional labor performed, and does not constitute some conditional or undefined reward for meeting performance goals. Id. at ¶¶ 69; and 70.

Notably, in support of its *Partial Motion to Dismiss* the Comp Time claims, Republic Parking fails to cite any precedent supporting its contention that Comp Time is not compensable under the Wage Act.

Instead, Republic Parking conclusively argues that the Court should treat Comp Time similar to a bonus or unused sick time. See, Id. at 5 (asserting without support that "comp time [is] akin to a bonus, which courts have held are not covered by the Wage Act."); but see, Barthel

v. One Cmty., Inc., 233 F. Supp. 2d 125, 127 (D. Mass. 2002) (denying defendant employers motion to dismiss claims for earned commissions at the preliminary stage as the record did not reflect whether the challenged amount had become due and payable for the purposes of the Wage Act).

Contrary to the Defendant's conclusory argument, Furtado's Comp Time claim arises under the Wage Act because Furtado alleges that he earned the Comp Time wages at the time he performed the work for which he was promised immediate compensation. There is nothing about Furtado's Comp Time claims which suggest the wages were akin to a bonus. See generally, *Complaint* ¶¶ 65-89; and 125-137.

Furtado's position is consistent with the purpose of the Wage Act. The purpose of the Wage Act is "to prevent the unreasonable detention of wages." Weems v. Citigroup, Inc., 453 Mass. 147, 150 (2009) (citations omitted). To that end, the Wage Act requires the prompt payment of "wages earned" on pain of civil and criminal penalties, treble damages, and attorney's fees. Weiss v. DHL Exp., Inc., 718 F.3d 39, 47 (1st Cir. 2013) (citing M.G.L. c. 149, §§ 148, 150). "While the Act makes clear on its face that holiday pay, vacation pay, and definitely determined commissions fall within its protections, the term 'wages' is not otherwise defined." Id.

The Wage Act applies to wages that have been fully "earned," which vest immediately, and which are contingent upon no future event. Id. at 48. In other words, Furtado seeks compensation for Working Time performed for the benefit of his employer. See generally, *Complaint* ¶¶ 65-89; and 125-137; and 454 CMR 27.02 ("Working Time. Includes all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work."); and DeSaint v. Delta Air lines, Inc., No. 13-11856-GAO,

2015 WL 1888242, at *9 (D. Mass. Apr. 15, 2015) (for purposes of the Wage Act, using the definition of "working time").

For this reason, Furtado merely seeks compensation for "time worked before or after the end of the normal shift" at a rate agreed upon previously with his employer. See generally, *Complaint* ¶¶ 65-89; and 454 CMR 27.02.

Furtado has expressly alleged that Comp Time qualified as "earned" wages because such wages were fully earned and vested at the time the labor was performed; and therefore, there is no required subsequent contingency. See generally, *Complaint* ¶¶ 65-89; and 125-137; and 454 CMR 27.02. Specifically, Furtado alleges that "Republic Parking made an agreement with Plaintiff that he would be given Comp Time when he had to work additional shifts during inclement weather situations…" (*Complaint* ¶ 69) and that Furtado "earned seventy hours of Comp Time for which he was not compensated…." Id. at 83.

The Complaint does not allege, and the facts do not support the conclusion, that the Comp Time payments depended upon any subsequent factor, contingency or performance, but instead are due because they have already been earned. See e.g., *Complaint* ¶ 72 ("Plaintiff performed additional duties beyond his normal work duties in anticipation of receiving Comp Time because Plaintiff relying upon the Comp Time Agreement."); ¶ 73 ("Plaintiff worked numerous double shifts in inclement weather, such as blizzard conditions in order to receive Comp Time."); and ¶ 74 ("Plaintiff was called at 2:00 a.m. to inspect parking lots during snowstorms for which he expected to receive Comp Time").

Further, the Complaint makes clear that Comp Time was to be treated exactly as additional wages for additional labor performed. See e.g., *Complaint* ¶¶ 67-72. Accordingly, Republic Parking's assertion that Comp Time should be treated as if it were a bonus or unused sick time is

plainly unsupported by the allegations in the complaint (and the facts), and therefore; must be rejected.

Further, Furtado's position is supported by the Supreme Judicial Court ("SJC"). In Weems v. Citigroup, Inc., the SJC held that bonuses were not compensable under the Wage Act, because it determined that bonuses were "discretionary." See, Id., 453 Mass. 147, 154 (2009)(emphasis added); citing, Weems v. Citigroup, Inc., 289 Conn. 769, 778, 782 (2008) (holding that under CAP plan, bonus and branch manager programs do not constitute wages under Connecticut's wage laws and are purely discretionary).

In the instant action, Furtado has not alleged that Comp Time was, in any way, a discretionary payment. *Complaint* ¶ 69. Instead, the Complaint unambiguously states that Furtado earned his Comp Time wages at the time he completed the work. Id. ¶¶ 69 and 83. Republic Parking could not exercise any discretion as to whether Furtado was paid for the Comp Time for which he submitted time sheets.

Republic's reliance upon Tze-Kit Mui v. Massachusetts Port Auth is readily distinguishable. As explained by the SJC, sick time constitutes "conditional" compensation "i.e. employees do not have an absolute right to spend down their sick time [and] employees are not typically compensated for accrued, unused sick time." Id. Tze-Kit Mui v. Massachusetts Port Auth., 478 Mass. 710, 713 (2018).The SJC held that, "[b]ecause accrued, unused sick time is not compensable under a 'use it or lose it' sick time policy, such time clearly is not a wage under the act." Id. at 713. In essence, sick time was determined not to be a "wage" because it is not a payment which employees are entitled to freely use or spend.

The distinction between sick time and Comp Time is easily discernable. Comp Time, as alleged in the *Complaint*, was: (1) promised to Furtado as an additional payment for labor

performed; (2) accrued at the time services were provided; and (3) was not discretionary. See, *Complaint* ¶ 65-89. Unused sick time, on the other hand, is not capable of being exchanged into wages and evaporates if an employee does not have the right to spend it down.

Republic Parking's attempt to re-cast Furtado's Comp Time as something akin to a "discretionary" bonus or contingent unused sick time is without merit and must be rejected.

Accordingly, Furtado has stated a valid claim for payment of his earned Comp Time under the Wage Act.

**C. TRANSPORTATION EXPENSES ARE REQUIRED TO BE PAID AS WAGES.**

Republic Parking next argues that Furtado is not entitled to pursue his claim for unpaid travel expenses under the Wage Act because, according to Republic Parking, Plaintiff's theory of recovery is only actionable in the context of a minimum wage lawsuit. See, *Partial Motion to Dismiss*, at 6-11. Republic Parking's argument is without merit.

Count III of Plaintiff's Complaint alleges that Defendants did not timely pay compensation to Plaintiff for transportation expenses, a violation of the Wage Act and 454 CMR 27.04(4)(a-e).

Furtado's claims are supported by a plain reading of 454 CMR 27.04, applicable common-law, and public policy concerns inherent in the Wage Act. See, McAleer v. Prudential Ins. Co. of Am., 928 F. Supp. 2d 280, 287 (D. Mass. 2013) ("The Massachusetts Wage Act was enacted to prevent an employer from unreasonably detaining an employee's wages."); and Fraelick v. PerkettPR, Inc., 83 Mass.App.Ct. 698, 706–08 (2013) (addressing claims brought under 454 CMR 27.04(4) for unpaid travel expenses, the trial court concluded that "that Section 148 of the Wage Act prohibits wage reductions achieved by "any other means," thus preventing an employer from effectively reducing wages by shifting ordinary business costs to the employee.").

Massachusetts law is clear, transportation time (and related expenses) are compensable as

wages. See e.g., 454 CMR 27.04(4)(a-e) (requiring an employer compensate an employee: (1) when "an employee who regularly works at a fixed location is required to report to a location other than his or her regular work site…"; (2) when "an employer requires an employee to report to a location other than the work site or to report to a specified location to take transportation…"; (3) when "[a]n employee [is] required or directed to travel from one place to another after the beginning of or before the close of the work day…"; and (4) when an employment task "keeps an employee away from home overnight …").

The Complaint alleges that Furtado has been aggrieved by Defendants' failure to properly pay wages in accordance with 454 CMR 27.04 and reimburse him for travel expenses he incurred for the benefit of his employer. See generally, *Complaint*, ¶¶ 90-99; and 138-146.

454 CMR 27.04(d) unequivocally states that "[a]n employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed *for all transportation expenses*." (emphasis added). 454 CMR 27.08 prescribes the penalty for violation of any provision in 454 CMR 27.00 to be subject to the penalties provided in M.G.L. c. 151.[1]

An employee aggrieved by a violation of 454 CMR 27.04 et seq. may maintain an action under the Wage Act. See e.g., Gammella v. P.F. Chang's China Bistro, Inc., 482 Mass. 1 (2019) (remanding the Court's denial of certification for a class of employees who alleged violations of 454 CMR 27.04(1) under the wage act (M.G.L. c. 149, § 150)); and Garcia, 2016 WL 3144372, at *4; see also, 454 CMR 27.08 ("[v]iolation of any provision of 454 CMR 27.00 shall be subject to

[1] The penalties in M.G.L. c. 151 are outlined in § 1B which states, "a person may institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for the full amount … of compensation less any amount actually paid to him by the employer." "An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for lost overtime compensation and shall also be awarded the costs of the litigation and reasonable attorneys' fees."

the penalties provided in M.G.L. c. 151.”).

Massachusetts Courts consistently employ 454 CMR 27.00 to determine compensable wages for worked time under the Massachusetts Wage Act. See, e.g., DeSaint v. Delta Air lines, Inc., No. 13-11856-GAO, 2015 WL 1888242, at *9 (D. Mass. Apr. 15, 2015) (defining wages covered under the Wage Act, using the definition of “working time”), citing, Taggart v. Town of Wakefield, 78 Mass. App. Ct. 421, 423 (2010) (using “working time” as “[g]enerally, the types of activities that are considered to be hours worked and compensable are defined through the State regulatory process”); 454 CMR 27.02 (“Working Time: Includes all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work. Working time does not include meal times during which an employee is relieved of all work-related duties. Working time includes rest periods of short duration, usually 20 minutes or less.”); Garcia, supra, at *4 (Suffolk Sup. Ct. Jan. 19, 2016) (Sanders, J.) (Mem. Of Decision & Order) (applying 454 CMR 27.04(d) to Wage Act claim for nonpayment of intraday travel time and failure to fully reimburse for transportation expenses).

Massachusetts courts have repeatedly stated that workers shall be reimbursed for all transportation expenses if they are required to travel during business hours. Taggart v. Town of Wakefield, 78 Mass. App. Ct. 421, 424 (2010) (holding that if an employee who regularly works at a fixed location is required, for the convenience of the employer, to report to a location other than his or her regular work site, the employee shall be compensated for all travel time in excess of his or her ordinary travel time between home and work with allowance for associated transportation expenses).

Republic Parking argues that, despite its clear language, 454 CMR 27.04 does not create a

general duty for employers to reimburse employees for any travel expenses incurred in the course of their work. See, *Partial Motion to Dismiss*, at 6-11. Rather, Republic Parking argues that this regulation only applies in situations where minimum wage is being evaluated. Id.[2]

Republic Parking's argument mirrors a similar, albeit failed argument, made in Garcia v. Right at Home, Inc.:

> The defendants also contend that, to the extent Section 27.04(4)(d) requires travel expense reimbursement, the regulation is invalid. Because expense reimbursements are not wages, they argue, they are not subject to regulation under either the Wage Act or the Minimum Wage Law. The Appeals Court has noted, however, that Section 148 of the Wage Act prohibits wage reductions achieved by "any other means," thus preventing an employer from effectively reducing wages by shifting ordinary business costs to the employee.

Id. at *4.

The Garcia Court provided a detailed analysis explaining why transportation expenses are considered wages. That is, the Garcia Court found that including transportation expenses as wages serves two important purposes: (1) if travel expenses are forced on employees and not compensated then employers can effectively reduce wages by other means in contradiction to the Wage Act; and (2) "[f]or similar reasons, the regulation is also consistent with the Minimum Wage Law ... by ensuring that employees' wages are not reduced below the statutory minimum. Such an analysis is directly applicable to the instant action.

Moreover, Republic Parking's reliance upon Fraelick v. PerkettPR, Inc. for support that travel expenses are not wages pursuant to the Wage Act is misplaced. Republic Parking's argument is without merit as Fraelick stands for the exact opposite position. See, Fraelick v.

[2] The Massachusetts.gov website contradicts Defendants' core interpretation that travel reimbursement is only required in the context of minimum wage. https://www.mass.gov/info-details/massachusetts-law-about-hours-and-conditions-of-employment ("Must I be paid for time I spend traveling to work? … An employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed for all transportation expenses.")

PerkettPR, Inc., 83 Mass. App. Ct. 698, 706, (2013).

That is, the Fraelick Court stressed the fact that the Wage Act prohibits an employer from exempting itself from timely and complete payment of wages by "special contracts . . . or by any other means." Id. at 707.

According to the Appeals Court in Fraelick, the plaintiff's complaint fairly alleged that the employer implemented a practice that "required the [plaintiff] … to advance, indefinitely, expense for the employer's benefit" and that "[t]his was a sufficient allegation of 'reasonable belief'" that the unreimbursed expenses fell within the scope of wages covered by the Wage Act. Id. at 708.

If employees are forced to front expenses for the employer's benefit, as a means to effectively reduce compensation to employees, said expenses are considered wages.

For these reasons, Plaintiff's position that transportation expenses are compensable wages is supported by the plain reading of 454 CMR 27.04, public policy concerns inherent in the Wage Act, and the applicable common-law.

### D. THE FAILURE TO PAY TRAVEL EXPENSES IS ENFORCEABLE UNDER THE WAGE ACT.

Plaintiff's position is further supported by the Massachusetts Department of Labor Standards ("DLS").[3]

M.G.L. c. 151 § 3 authorizes the commissioner of the DLS or the attorney general, or their authorized representatives to investigate and ascertain the wages of persons employed in any occupation in the commonwealth; to ascertain whether the orders of the commissioner or the attorney general have been and are being complied with; and to carry out the provisions of M.G.L. c. 151. Id.

Republic Parking argues that M.G.L. c. 151 § 3 only authorizes DLS to ensure the payment

[3] An administrative agency's duly enacted regulations are entitled to a presumption of validity. See, Doe, Sex Offender Registry Bd. No. 3844 v. Sex Offender Registry Bd., 447 Mass. 768, 775 (2006).

of minimum wages are enforced. Accordingly, Republic Parking contends that 454 CMR 27.04 impermissibly goes far beyond that mandate provided by M.G.L. c. 151 § 3 in that it makes transportation expenses, and travel time, compensable for all employees (even those earning more than minimum wage). See, *Partial Motion to Dismiss* at 9-10. Therefore, Republic Parking argues that 454 CMR 27.04 is not enforceable under M.G.L. c. 151 § 3 (or the Wage Act) because such enforcement would extend beyond the Commissioner's authority. See, Id.

Republic Parking's position is misplaced as the regulations promulgated by DLS are entitled to deference. See, Town of Wenham v. Labor Relations Comm'n, 44 Mass. App. Ct. 195, 197 (1998) ("Courts review such agency interpretations with a distinct inclination to deference.") (internal citations omitted).

Further, the actual language of M.G.L. c. 151 indicates that the authority of the DLS is far broader than mere enforcement of the minimum wage. Rather, M.G.L. c. 151 empowers DLS to investigate "oppressive and unreasonable wages" generally. See, M.G.L. c. 151, § 1.

M.G.L. c. 151, § 2 defines "'[a]n oppressive and unreasonable wage', as a wage which is both less than the fair and reasonable value of the services rendered and less than sufficient to meet the minimum cost of living necessary for health." Id. The Legislature's reference to both minimum wages and "oppressive and unreasonable wages" demonstrates that the statute was intended to cover more than mere minimum wage violations.

For instance, M.G.L. c. 151 § 1A details certain occupations wherein overtime pay is required, because otherwise the wages would be "oppressive and unreasonable". Further, M.G.L. c. 151 § 2B concerns migrant farm worker pay and health insurance coverage, and M.G.L. c. 151 § 11 involves the commissioner's responsibilities to enforce other fair wage regulations beyond minimum wage. As discussed above, if uncompensated travel expenses are foisted upon

employees, companies can effectively (and unreasonably) off set operation costs and reduce wages by other means, this would clearly contradict the purposes of the Wage Act. See e.g., Fraelick v. PerkettPR, Inc. 83 Mass. App. Ct. at 706.

As such, the promulgation of 454 CMR 27.04 by the Department of Labor Standards is precisely within the authority granted by M.G.L. c. 151 § 1 because the imposition of uncompensated travel time (and related travel expenses) would be oppressive and unreasonable; and moreover, would shift an unfair burden upon employees, while simultaneously unjustly benefiting the employer for labor performed.

As discussed above, 454 CMR 27.04(4)(a-e) requires an employer compensate an employee: (1) when "an employee who regularly works at a fixed location is required to report to a location other than his or her regular work site…"; (2) when "an employer requires an employee to report to a location other than the work site or to report to a specified location to take transportation…"; (3) when "[a]n employee [is] required or directed to travel from one place to another after the beginning of or before the close of the work day…"; and (4) when an employment task "keeps an employee away from home overnight …."

Accordingly, Plaintiff contends that a failure to reimburse travel expenses incurred for the benefit of the employer constitutes payment of "less than the fair and reasonable value of the services rendered." See, M.G.L. c. 151, §§ 1 and 2.

Republic Parking's unreasonable interpretation of the scope of the Department of Labor Standards authority strikes against the purposes of the Wage Act and the authority granted by M.G.L. c. 151, et seq. and must be rejected.

### E. A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF 454 CMR 27.04

The gravamen of Republic Parking's final argument is that an employee has no recourse

for recovering travel expenses incurred for the benefit of the employer, so long as the employer meets the minimum wage threshold. See, *Partial Motion to Dismiss* at 10-11. Such a proposition places the employee in an untenable position, and further, conveys an unwarranted benefit upon the employer.

Plaintiff has a private right of action for violations of 454 CMR 27.04(d), through either M.G.L. c. 149 § 150; the general provisions of the Wage Act; and/or 454 CMR 27.08 with penalties proscribed by M.G.L. c. 151.

454 CMR 27.04(d) unequivocally states that "[a]n employee required or directed to travel from one place to another after the beginning of or before the close of the workday shall be compensated for all travel time and shall be reimbursed for all transportation expenses." As discussed above in detail, the transportation expenses under 454 CMR 27.04(d) are considered wages under M.G.L. c. 149 § 148.[4]

Pursuant to Chapter 149 § 150, "[a]n employee claiming to be aggrieved by a violation of § 148, may institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits … [a]n employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees."

Therefore, as transportation expenses are considered wages, it follows that a private right of action is available under Chapter 149 § 150 through Chapter 149 § 148 of the Wage Act for an

[4] Chapter 149 § 148 of the Wage Act prohibits wage reductions achieved by "any other means," thus preventing an employer from effectively reducing wages by shifting ordinary business costs to the employee." As described by Garcia, CMR 27.04(4)(d) prevents a wage reduction achieved by "any other means" in that it prohibits employers from shifting the costs of travel related business expenses to employees. The regulation is thus consistent with the Wage Act." Garcia v. Right at Home, Inc., No. SUCV20150808BLS2, 2016 WL 3144372, at *4 (Mass. Super. Jan. 19, 2016), judgment entered, (Mass. Super. 2016).

employer's failure to pay transportation expenses. See, Garcia, supra.

An alternative private right of action is also available through 454 CMR 27.08 which specifically describes the penalty for violations of any provision of 454 CMR 27.00, et seq. with attendant penalties therefore provided for by M.G.L. c. 151.

The penalties an aggrieved employee can recover under M.G.L. c. 151, include injunctive relief and liquidated treble damages for any loss of wages, as well as the costs of the litigation and reasonable attorneys' fees. See, M.G.L. c. 151, §§ 1B, 20.

Republic Parking argues an impossibly narrow reading of 454 CMR 27.08, in which Plaintiff only has a private right of action through 454 CMR 27.08 when there is a failure to pay minimum wages. See, *Partial Motion to Dismiss*, at 10-11.

Specifically, Republic Parking argues that because 454 CMR 27.08 creates a private right of action through M.G.L. c. 151, the private right of action may only derive from the failure to pay minimum wages, even though M.G.L. c. 151 focuses on more than just minimum wages. Id. Again, this argument ignores the issue of an "[a]n oppressive and unreasonable wage" as also addressed in M.G.L. c. 151, § 1. Id.

Republic Parking improperly focuses solely on M.G.L. c. 151 § 20 which only creates a private right for an individual to recoup their minimum wage damages. Republic Parking contends that because there is no minimum wage violation alleged, Plaintiff cannot proceed with a private right of action through 454 CMR 27.08 to recover travel expenses fronted for the benefit of the employer. Id. This is facially incorrect, as M.G.L. c. 151 prescribes other damages than just minimum wage damages. For instance, M.G.L. c. 151 § 1B prescribes penalties for failure to pay overtime, which has nothing to do with minimum wages. Republic Parking's argument also ignores the language of 454 CMR 27.00.

454 CMR 27.04 states an employer must pay travel expenses. If an employer does not pay travel expenses as required, 454 CMR 27.08 mandates the penalty for said violation, which penalty is found in M.G.L. c. 151.

The penalties in M.G.L. c. 151 include a private right of action for injunctive relief as well as treble damages, attorneys' fees and costs for numerous wage act violations. See e.g., M.G.L. c. 151, §§ 1; 1B; and 20.

Republic Parking incorrectly only looks to M.G.L. c. 151, § 20 to find penalties related to minimum wages. However, 454 CMR 27.08 points to M.G.L. c. 151 generally, rather than M.G.L. c. 151, § 20 specifically, to be broad in its prescription for the types of penalties that Plaintiff can employ to get relief. Here, Plaintiff is entitled to the same type of relief afforded to all victims of any and all violations of M.G.L. c. 151, namely liquidated treble damages, attorneys' fees and costs.

Further, if Republic Parking was correct that a private right of action only exists for minimum wage violations, the language in 454 CMR 27.08 would be superfluous, and would serve no purpose but to restate M.G.L. c. 151 § 20.

Accordingly, Republic Parking's argument must be rejected, and Plaintiff is entitled to pursue his claim for unpaid travel expenses under the Wage Act.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Honorable Court DENY *Republic Parking's Partial Motion to Dismiss* in its entirety.

Respectfully Plaintiffs
By their attorneys,

DATED: July 19, 2019

/s/ *David J. Relethford, Esq.*
David J. Relethford, Esq. (BBO #691223)
drelethford@forrestlamothe.com
Michael C. Forrest, Esq. (BBO #681401)
mforrest@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829

**Certificate of Service**

In accordance with Local Rule 5.2, I David J. Relethford, Esq., hereby certify that this document filed through the ECF System on this 19th day of July 2019 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *David J. Relethford, Esq.*
David J. Relethford, Esq.