

# COMMONWEALTH OF MASSACHUSETTS
## ESSEX COUNTY
### Docket Report

**1977CV00790 Furtado, Peter vs. Replubic Parking System, LLC et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 05/31/2019 |
| **ACTION CODE:** | A01 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Services, Labor and Materials | | |
| **CASE DISPOSITION DATE** | 07/22/2019 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 07/22/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil A |

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 08/29/2019 | 07/01/2019 |
| Answer | 09/30/2019 | 07/22/2019 |
| Rule 12/19/20 Served By | 09/30/2019 | 07/22/2019 |
| Rule 15 Served By | 09/30/2019 | 07/22/2019 |
| Rule 12/19/20 Filed By | 10/28/2019 | 07/22/2019 |
| Rule 15 Filed By | 10/28/2019 | 07/22/2019 |
| Rule 15 Heard By | 11/27/2019 | 07/22/2019 |
| Rule 12/19/20 Heard By | 11/27/2019 | 07/22/2019 |
| Discovery | 03/26/2020 | 07/22/2019 |
| Rule 56 Served By | 04/27/2020 | 07/22/2019 |
| Rule 56 Filed By | 05/26/2020 | 07/22/2019 |
| Final Pre-Trial Conference | 09/22/2020 | 07/22/2019 |
| Judgment | 05/31/2021 | 07/22/2019 |

## PARTIES

A TRUE COPY, ATTEST

*Antonietta McDonagh*

DEPUTY ASST. CLERK



## COMMONWEALTH OF MASSACHUSETTS
### ESSEX COUNTY
### Docket Report

CRTR2709-CR

| Plaintiff<br>Furtado, Peter | Attorney 681401<br>Michael C Forrest<br>Forrest, LaMothe, Mazow, McCullough,<br>Yasi&Yasi, PC<br>Forrest, LaMothe, Mazow, McCullough,<br>Yasi&Yasi, PC<br>2 Salem Green<br>Suite 2<br>Salem, MA 01970<br>Work Phone (877) 599-8890<br>Added Date: 05/31/2019 |
|---|---|
| | Attorney 691223<br>David Relethford<br>Forrest, LaMothe, Mazow, McCullough, Yasi &<br>Yasi,<br>Forrest, LaMothe, Mazow, McCullough, Yasi &<br>Yasi,<br>2 Salem Green Suite 2<br>Salem, MA 01970<br>Work Phone (617) 231-7829<br>Added Date: 05/31/2019 |
| **Defendant**<br>Replubic Parking System, LLC<br><br>**Defendant**<br>Titmus, Scott | |

### FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 06/04/2019 | Civil Filing Fee (per Plaintiff)<br>Receipt: 26319 Date: 06/05/2019 | 240.00 | 240.00 | 0.00 | 0.00 |
| 06/04/2019 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 26319 Date: 06/05/2019 | 20.00 | 20.00 | 0.00 | 0.00 |
| 06/04/2019 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 26319 Date: 06/05/2019 | 15.00 | 15.00 | 0.00 | 0.00 |
| 06/04/2019 | Fee for Blank Summons or Writ<br>(except Writ of Habeas Corpus) MGL<br>262 sec 4b Receipt: 26319 Date:<br>06/05/2019 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |

A TRUE COPY. ATTEST

*Antonietta McDonagh*

DEPUTY ASST. CLERK

CRTR2709-CR



# COMMONWEALTH OF MASSACHUSETTS
## ESSEX COUNTY
### Docket Report

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 05/31/2019 | | Attorney appearance<br>On this date David Relethford, Esq. added for Plaintiff Peter Furtado | |
| 05/31/2019 | | Attorney appearance<br>On this date Michael C Forrest, Esq. added for Plaintiff Peter Furtado | |
| 05/31/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 05/31/2019 | |
| 05/31/2019 | 1 | Original civil complaint filed. | |
| 05/31/2019 | 2 | Civil action cover sheet filed. | |
| 05/31/2019 | | Demand for jury trial entered. | |
| 07/01/2019 | 3 | Service Returned 6/14/19 for<br>Defendant Titmus, Scott: Service via certified mail; green card attached.<br>Filed 6/24/19 | |
| 07/01/2019 | 4 | Service Returned 6/17/19 for<br>Defendant Replubic Parking System, LLC: Service made in hand to Nick<br>Andrade, Process Clerk, agent and person in charge at the time of service<br><br>Applies To: Replubic Parking System, LLC (Defendant) | |
| 07/22/2019 | 5 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Replubic Parking System, LLC (Defendant); Titmus, Scott<br>(Defendant)<br><br>(filed 7/12/19) | |
| 07/22/2019 | | REMOVED to the U.S. District Court<br>(filed 7/12/19) Pursuant to 28 U.S.C. SS 1441 and 1446, Defendant<br>Republic Parking System, LLC ("Republic") and Scott Titmus (collectively<br>"Defendants") hereby notice the removal to this Court of the civil action<br>styled as Furtado v. Republic Parking System, LLC and Scott Titmus, from<br>the Massachusetts Superior Court for Essex County, Civil Action No.<br>1977-CV-00790A. | |
| 07/22/2019 | | Case transferred to another court. | |



A TRUE COPY. ATTEST

DEPUTY ASST. CLERK

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

ESSEX SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 1977CV00790A

PETER FURTADO,

     Plaintiff,

v.

REPUBLIC PARKING SYSTEM, LLC
and SCOTT TITMUS,

     Defendants.

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

Plaintiff, Peter Furtado ("Furtado" or "Plaintiff"), hereby brings this action against Republic Parking System, LLC ("Republic Parking") and Scott Titmus ("Titmus") (collectively "Defendants") for various violations of the Massachusetts wage laws and regulations.

More specifically, Furtado claims that Defendants habitually refused to pay him for vacation time, comp-time and travel expenses as required by contract and law.

Plaintiff asserts that these habitual failures to comply with Massachusetts law constitute violations of, *inter alia,* M.G.L. c. 149, § 148, and 454 CMR 27.04(4) (a-e).

Further, Furtado contends that Defendants have breached the terms of Furtado's employment contract by failing to pay Furtado wages earned, as well as failing to provide him his contractually required compensation benefits, including participation in the promised incentive plan.

Plaintiff now seeks treble recovery of all unpaid wages remaining, interest, and any other damages due and owing.

A TRUE COPY ATTEST

*Antonietta McDonagh*

DEPUTY ASST. CLERK

## PARTIES

1. Plaintiff, Peter Furtado, is an individual residing in Lynn, Massachusetts.

2. Defendant, Republic Parking System, LLC, is a foreign limited liability company formed under the laws of the state of Tennessee with a registered agent in the Commonwealth of Massachusetts at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

3. Defendant, Scott Titmus is the president and registered manager of Republic Parking System, LLC, as registered with the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over, Republic Parking System, LLC as it is a foreign limited liability company with a registered agent located in Boston, Massachusetts. This Court also has personal jurisdiction over Republic Parking System, LLC by virtue of their transactions and/or conducting of trade/business throughout the Commonwealth at all times relevant hereto.

5. This Court has personal jurisdiction over Scott Titmus as he is the registered president and manager of Republic Parking System, LLC, as registered with the Commonwealth of Massachusetts. This Court also has personal jurisdiction over Scott Titmus by virtue of his profiting from transactions and/or trade/business in the Commonwealth at all times relevant hereto.

6. Upon information and belief, this Court has jurisdiction over the claims contained herein as they relate to Plaintiff because the claims for damages exceed twenty-five thousand dollars ($25,000.00).

7. Venue in this matter is proper as Plaintiff resides in Essex County.



A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

2

## FACTUAL ALLEGATIONS

8. Plaintiff repeats and re-alleges the allegations set forth above.

9. Republic Parking is a limited liability company which provides parking and transportation services at airports and urban markets throughout the Commonwealth.

10. M.G.L c. 149, § 148 requires. *inter alia,* that:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week

11. The Massachusetts Wage Act requires employers to pay all wages due to employees promptly.

12. 454 CMR 27.04 states in pertinent part:

> An employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed *for all transportation expenses.*

13. Republic Parking is bound by the requirements of M.G.L. c. 149, § 148.

14. Republic Parking is bound by the requirements of 454 CMR 27.04.

15. Republic Parking is bound by the requirements of the Massachusetts Wage Act.

16. Republic Parking's employees are entitled to timely payment of wages under 149, § 148.

17. Republic Parking's employees are entitled to transportation expenses in accordance with 454 CMR 27.04.

18. Republic Parking's employees are entitled to timely payment of wages under the Massachusetts Wage Act.

19. Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Republic Parking employees for the purposes of M.G.L. c. 149, § 148.

3

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

20. Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Plaintiff as defined herein.

21. Scott Titmus, as president and registered manager of Republic Parking, is personally liable for the Wage Act violations of Republic Parking as set forth herein.

## FACTUAL ALLEGATIONS

22. Republic Parking offered Plaintiff employment in February of 2017.

23. In February of 2017, Plaintiff accepted Republic Parking's offer of employment and the terms set forth therein ("Furtado's Employment Contract"). See **Exhibit 1** (*Letter of Offer of Employment*).

24. In February 2017, Plaintiff began working for Republic Parking.

25. Prior to working for Defendant, Plaintiff worked for LAZ Parking.

26. Plaintiff worked for LAZ Parking between 2005 and 2017 as operations manager.

27. Plaintiff was the operations manager of the MBTA account during his employment with LAZ Parking.

28. Plaintiff was intimately familiar with LAZ Parking's account with MBTA between 2005 and 2017.

29. In early 2017, LAZ Parking lost the MBTA account to Republic Parking.

30. In early 2017, Republic Parking sought to hire Plaintiff because of his familiarity with the MBTA account.

31. In early 2017, Plaintiff was hired by Republic Parking as a Quality Assurance Manager.

32. In early 2017, Plaintiff was hired to oversee Maintenance and Customer Service for Republic Parking.

33. The employment agreement between Plaintiff and Republic Parking was a binding contract between the parties ("Employment Contract").

4

34. Plaintiff's starting salary for Republic Parking was $85,000.00.

35. Plaintiff's promised compensation included a $600.00 monthly for a vehicle allowance.

36. Plaintiff's promised compensation included mileage reimbursement for all work-related travel, excluding travel to and from work.

37. Plaintiff's promised compensation included an additional incentive/bonus of 10% of base salary as provided for by an incentive plan ("Incentive Plan").

38. Plaintiff's promised Incentive Plan was required to be defined within the first 90 days of Plaintiff's employment.

39. Plaintiff's promised compensation included paid vacation time in the amount of one week the first six months of employment.

40. Plaintiff's promised compensation included paid vacation time in the amount of two weeks after the first six months of employment.

41. Plaintiff's promised compensation changed in 2018, wherein he was given three weeks of paid vacation time annually.

42. Plaintiff's position at Republic Parking was originally the Director of the Maintenance Department.

43. Plaintiff was never given a job description for what a Director of the Maintenance Department does.

44. Plaintiff was in charge of approximately twenty people as Director of the Maintenance Department.

45. Plaintiff's duties included ensuring that the landscaping, potholes, cleaning and parking enforcement was taken care of by Republic Parking's employees as Director of the Maintenance Department.

A TRUE COPY, ATTEST
Antonietta McDonagh
DEP'TY ASST. CLERK

46.  In February of 2018, Plaintiff was demoted to Maintenance Manager.

47.  Maintenance Manager is a lower position than Director of the Maintenance Department.

48.  Plaintiff was not told why he was being demoted to Maintenance Manager.

49.  Plaintiff's promised compensation did not change as a result of being Maintenance Manager.

50.  Plaintiff was fired by Republic Parking on May 1, 2019. See **Exhibit 2** (*Termination Letter*).

51.  On or about May 10, 2019, Plaintiff submitted, to the Massachusetts Attorney General's Office, a written request to pursue private rights of action against Defendants for wage violations.

52.  On or about May 13, 2019, the Massachusetts Fair Labor Division, Office of the Massachusetts Attorney General, authorized Plaintiff to pursue private rights of action against Defendants for wage violations.

## FACTUAL ALLEGATIONS: VACATION TIME

53.  The express terms set forth in Plaintiff's Employment Contract stated Plaintiff was entitled to three weeks of paid vacation annually.

54.  Plaintiff had accrued three (3) weeks of paid vacation time prior to his firing on May 1, 2019.

55.  Plaintiff had accrued three (3) weeks of paid vacation time pursuant to the express terms of his Employment Contract.

56.  Plaintiff was paid only one (1) week of paid vacation time by Republic Parking after he was fired on May 1, 2019.

57.  Plaintiff was not paid two (2) weeks of paid vacation time he had accrued before to his firing on May 1, 2019.

58.  Plaintiff had earned two (2) weeks of paid vacation time for which he was not compensated by Republic Parking.



A TRUE COPY, ATTEST
Antonietta McDonagh
DEPUTY ASST. CLERK

59. Plaintiff was entitled to two (2) weeks of paid vacation time for which he was not compensated by Republic Parking.

60. G.L. c. 149, § 148 of the Massachusetts General Laws, the Payment of Wages Law, requires employers to pay discharged employees their wages in full on the date of discharge.

61. Republic Parking was required to pay Plaintiff his full wages, including vacation time earned on the date of his discharge, May 1, 2019.

62. Plaintiff was not paid his full wages, including vacation time earned, on the date of his discharge, May 1, 2019.

63. Republic Parking did not pay Plaintiff his full wages, including vacation time earned, on the date of his discharge, May 1, 2019.

64. As a result of the acts and omissions set forth above, Plaintiff has suffered harm, including but not limited to, unpaid wages, with accruing interest thereon.

## FACTUAL ALLEGATIONS: COMP TIME

65. Compensatory Time ("Comp Time) is paid time off given to an employee instead of additional pay for additional work.

66. Republic Parking informed its managers that they would be provided Comp Time.

67. Rather than paying employees for additional work beyond their normal duties, Republic Parking promised managers Comp Time in blizzard and emergency situations.

68. Republic Parking made an agreement with Plaintiff to provide him Comp Time.

69. Republic Parking made an agreement with Plaintiff that he would be given Comp Time when he had to work additional shifts during inclement weather situations.

70. Republic Parking's agreement with Plaintiff to provide Comp Time in addition to his salary for work (beyond his normal job duties) constituted a binding contract between the parties ("Comp Time Agreement").

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

71. Plaintiff relied on the Comp Time Agreement and expected he would be compensated accordingly.

72. Plaintiff performed additional duties beyond his normal work duties in anticipation of receiving Comp Time because Plaintiff relying upon the Comp Time Agreement.

73. Plaintiff worked numerous double shifts in inclement weather, such as blizzard conditions in order to receive Comp Time.

74. Plaintiff was called at 2:00 a.m. to inspect parking lots during snowstorms for which he expected to receive Comp Time.

75. Plaintiff recorded all his Comp Time in the Winter of 2018-2019.

76. Plaintiff recorded 70 hours of Comp Time during the Winter of 2018-2019.

77. Plaintiff provided his record of 70 hours of Comp Time during the Winter of 2018-2019 to Republic Parking.

78. Republic Parking advised that each Manager would only receive 40 hours of Comp Time after the Winter of 2018-2019.

79. Republic Parking advised that each Manager would only receive 40 hours of Comp Time after the Winter of 2018-2019, regardless of how many additional hours worked by Employees during blizzards.

80. Plaintiff accrued seventy hours of Comp Time prior to his firing on May 1, 2019.

81. Plaintiff accrued seventy hours of Comp Time prior to his firing on May 1, 2019, pursuant to the express terms of the Comp Time Agreement.

82. Plaintiff was not paid any Comp Time after his firing on May 1, 2019.

83. Plaintiff had earned seventy hours of Comp Time for which he was not compensated by Republic Parking.

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

84. Plaintiff is entitled to seventy hours of Comp Time for which he has not been compensated by Republic Parking.

85. G.L. c. 149, § 148 of the Massachusetts General Laws, the Payment of Wages Law, requires employers to pay discharged employees their wages in full on the date of discharge.

86. Republic Parking was required to pay Plaintiff his full wages, including Comp Time earned on the date of his discharge, May 1, 2019.

87. Plaintiff was not paid his full wages, including Comp Time earned, on the date of his discharge, May 1, 2019.

88. Republic Parking did not pay Plaintiff his full wages, Comp Time earned, on the date of his discharge, May 1, 2019.

89. As a result of the acts and omissions set forth above, Plaintiff has suffered harm, including but not limited to, unpaid wages, with accruing interest thereon.

## FACTUAL ALLEGATIONS: TRAVEL TIME CLAIMS

90. The express terms of the Employment Contract required that Republic Parking compensate Plaintiff for certain travel expenses.

91. Plaintiff often used his own vehicles to travel on behalf of Republic Parking.

92. Plaintiff would oftentimes drive his own vehicles on behalf of Republic Parking.

93. Plaintiff utilized his own vehicles to travel tens of thousands of miles while working on behalf of Republic Parking.

94. Plaintiff was not reimbursed for all travel expenses by Republic Parking.

95. Republic Parking failed to pay Plaintiff in full for the travel expenses Plaintiff accrued.

96. Plaintiff was not reimbursed for all travel expenses by Republic Parking during the pay period in which they were incurred.

97. Plaintiff incurred travel expenses not compensated or reimbursed by Republic Parking.

A TRUE COPY ATTEST
Antonietta McDonagh
DEPUTY ASST. CLERK

98. Plaintiff was entitled to compensation for traveling expenses.

99. As a result of the acts and omissions set forth above, Plaintiff has suffered harm, including but not limited to, unpaid wages, with accruing interest thereon.

## FACTUAL ALLEGATIONS: INCENTIVE CLAIMS

100. Plaintiff's compensation included an additional incentive/bonus of 10% of base salary as provided for by an incentive plan ("Incentive Plan").

101. Plaintiff's Incentive Plan was to be defined within the first 90 days of Plaintiff's employment.

102. The express terms of the Employment Contract required that Republic Parking provide Plaintiff an Incentive Plan.

103. Plaintiff repeatedly requested the terms of the Incentive Plan throughout his employment with Republic Parking.

104. Republic Parking failed to provide Plaintiff with the terms of his Incentive Plan.

105. Republic Parking failed to provide Plaintiff compensation owed under the promised Incentive Plan.

106. Republic Parking failed to provide Plaintiff with the terms of his Incentive Plan within the first 90 days of the Plaintiff's employment.

107. Plaintiff was never provided the terms of his Incentive Plan from Republic Parking.

108. Republic Parking breached the express terms of the Employment Contract with Plaintiff by failing to provide Plaintiff the terms of Plaintiff's Incentive Plan.

109. Plaintiff was not able to participate in the Incentive Plan.

110. Plaintiff was not eligible for a 10% bonus to his base salary solely because of the omissions of Republic Parking.


TRUE COPY ATTEST
DEP'T ASST. CLERK

111. As a result of the acts and omissions set forth above, Plaintiff has suffered harm, including but not limited to, the inability to receive a 10% bonus of his base salary per annum (as promised), with accruing interest thereon.

**COUNT I**
**VIOLATION OF M.G.L. c. 149, § 148**
**Failure to Pay Timely Wages (Vacation Time)**
**Plaintiff v. Defendants**

112. Plaintiff repeats and re-alleges the allegations set forth above.

113. Republic Parking is bound by the requirements of M.G.L. c. 149, § 148.

114. Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Plaintiff.

115. Scott Titmus, as president and registered manager of Republic Parking, is personally liable for the Wage Act violations of Republic Parking set forth herein.

116. Republic Parking was required to timely pay compensation to Plaintiff for hours worked, at the correct hourly rate.

117. The express terms set forth in Plaintiff's Employment Contract stated Plaintiff was entitled to three weeks of paid vacation annually.

118. G.L. c. 149, § 148 of the Massachusetts General Laws, the Payment of Wages Law, requires employers to pay discharged employees their wages in full on the date of discharge.

119. Republic Parking was required to pay Plaintiff his full wages, including vacation time earned on the date of his discharge, May 1, 2019.

120. Plaintiff was not paid his full wages, including vacation time earned, on the date of his discharge, May 1, 2019.

121. Republic Parking did not pay Plaintiff his full wages, including vacation time earned, on the date of his discharge, May 1, 2019.

A TRUE COPY. ATTEST
DEPUTY ASST. CLERK

122. Republic Parking acts and omissions as set forth herein constitute violations of M.G.L. c. 149, § 148.

123. As a direct result of Republic Parking's violations of M.G.L. c. 149, § 148 as set forth herein, Plaintiff has suffered damages, including but not limited to, the full payment of vacation time due and owing, with continuing interest thereon.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment against Defendants for their violations of M.G.L. c. 149, § 148 and that the Court award treble damages, costs, and attorneys' fees, and any other such relief the Court deems just and appropriate.

### COUNT II
### VIOLATION OF M.G.L. c. 149, § 148
### Failure to Pay Timely Wages (Comp Time)
### Plaintiff v. Defendants

124. Plaintiff repeats and re-alleges the allegations set forth above.

125. Republic Parking is bound by the requirements of M.G.L. c. 149, § 148.

126. Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Plaintiff.

127. Scott Titmus, as president and registered manager of Republic Parking, is personally liable for the Wage Act violations of Republic Parking set forth herein.

128. The Comp Time Agreement was a binding agreement of employment between Plaintiff and Republic Parking.

129. Republic Parking was required to timely pay compensation to Plaintiff for hours worked, at the correct hourly rate.

130. The express terms set forth in the Comp Time Agreement entitled Plaintiff to Comp Time for additional hours worked.

131. Plaintiff was entitled to 70 hours of Comp Time at the time of his firing on May 1, 2019.

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

132. G.L. c. 149, § 148 of the Massachusetts General Laws, the Payment of Wages Law, requires employers to pay discharged employees their wages in full on the date of discharge.

133. Republic Parking was required to pay Plaintiff his full wages, including Comp Time earned on the date of his discharge, May 1, 2019.

134. Plaintiff was not paid his full wages, including Comp Time earned, on the date of his discharge, May 1, 2019.

135. Republic Parking did not pay Plaintiff his full wages, including Comp Time earned, on the date of his discharge, May 1, 2019.

136. Republic Parking acts and omissions as set forth herein constitute violations of M.G.L. c. 149, § 148.

137. As a direct result of Republic Parking's violations of M.G.L. c. 149, § 148 as set forth herein, Plaintiff has suffered damages, including but not limited to, the full payment of Comp Time due and owing, with continuing interest thereon.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment against Defendants for their violations of M.G.L. c. 149, § 148 and that the Court award treble damages, costs, and attorneys' fees, and any other such relief the Court deems just and appropriate.

**COUNT III**
**VIOLATION OF M.G.L. c. 149, § 151**
**Failure to Pay Travel Expenses**
**(Pursuant to 454 CMR 27.04)**
**Plaintiff v. Defendants**

138. Plaintiff repeats and re-alleges the allegations set forth above.

139. 454 CMR 27.04 states in pertinent part:

> An employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and *shall be reimbursed for all transportation expenses.*

140. Republic Parking is bound by the requirements of 454 CMR 27.04.



A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

141. Scott Titmus, as president and registered manager of Republic Parking, is deemed to be the employer of Plaintiff as defined herein.

142. Scott Titmus, as president and registered manager of Republic Parking, is personally liable for the Wage Act violations of Republic Parking set forth herein.

143. Republic Parking were required to timely pay all transportation expenses to Plaintiff.

144. Republic Parking did not timely pay compensation to Plaintiff for transportation expenses.

145. Republic Parking's acts and omissions as set forth herein constitute violations of 454 CMR 27.04

146. As a direct result of Republic Parking's violations of 454 CMR 27.04 as set forth herein, Plaintiff has suffered damages, including but not limited to, the full payment of wages due and owing, with continuing interest thereon.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment against Defendants for its violations of 454 CMR 27.04 and that the Court award treble damages, costs, and attorneys' fees, and any other such relief the Court deems just and appropriate.

**COUNT IV**
**BREACH OF CONTRACT**
**Failure to Pay Wages**
**Plaintiff v. Republic Parking**

147. Plaintiff repeats and re-alleges the allegations set forth above.

148. Republic Parking offered Plaintiff employment.

149. Plaintiff accepted Republic Parking's offer of employment and the terms set forth therein.

150. Plaintiff's acceptance of the Employment Contract created a contract between the parties.

151. Plaintiff's Employment Contract constituted binding a contract between the parties.

152. Plaintiff's Employment Contract required that Republic Parking to compensate Plaintiff in accordance with the Massachusetts Wage Laws.

A TRUE COPY, ATTEST
Antonietta McDonagh
DEPUTY ASST. CLERK

153. Plaintiff's Employment Contract required Republic Parking to compensate Plaintiff for every hour worked.

154. Plaintiff's Employment Contract required Republic Parking to compensate Plaintiff for Vacation Time accrued.

155. Plaintiff's Employment Contract required Republic Parking to compensate Plaintiff for travel expenses.

156. Republic Parking did not compensate Plaintiff for every hour worked.

157. Republic Parking did not compensate Plaintiff for Vacation Time.

158. Republic Parking did not compensate Plaintiff for travel expenses.

159. Republic Parking breached Plaintiff's Employment Contract by failing to compensate Plaintiff for every hour worked.

160. Republic Parking breached Plaintiff's Employment Contract by failing to compensate Plaintiff for Vacation Time.

161. Republic Parking breached Plaintiff's Employment Contract by failing to compensate Plaintiff for travel expenses.

162. As a result of the acts and omissions set forth above, Plaintiff has suffered harm, including but not limited to, the full payment of wages due and owing, with continuing interest thereon.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment against Republic Parking for its breach(es) of contract and that the Court award damages, and any other such relief the Court deems just and appropriate.


A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

### COUNT V
### BREACH OF CONTRACT
### Failure to Pay Comp Time
### Plaintiff v. Republic Parking

163. Plaintiff repeats and re-alleges the allegations set forth above.

164. The Comp Time Agreement was a binding agreement of employment between Plaintiff and Republic Parking.

165. Republic Parking was required to timely pay compensation to Plaintiff for hours worked, at the correct hourly rate.

166. The express terms set forth in the Comp Time Agreement entitled Plaintiff to Comp Time for additional hours worked.

167. Plaintiff worked hours eligible for payment under the Comp Time Agreement.

168. Republic Parking did not compensate Plaintiff for Comp Time.

169. Republic Parking breached of the Comp Time Agreement by failing to compensate Plaintiff for Comp Time.

170. As a result of the acts and omissions set forth above, Plaintiff has suffered harm, including but not limited to, the full payment of Comp Time due and owing, with continuing interest thereon.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment against Republic Parking for its breach(es) of the of the Comp Time Agreement and that the Court award damages, and any other such relief the Court deems just and appropriate.

### COUNT VI
### BREACH OF CONTRACT
### Failure to Provide Incentive Plan
### Plaintiff v. Republic Parking

171. Plaintiff repeats and re-alleges the allegations set forth above.

172. Republic Parking offered Plaintiff employment.



A TRUE COPY. ATTEST
DEPUTY ASST. CLERK

16

173. Plaintiff accepted Republic Parking's offer of employment and the terms set forth therein.

174. Plaintiff's acceptance of the Employment Contract created a contract between the parties.

175. Plaintiff's Employment Contract constituted a binding contract between the parties.

176. Plaintiff's compensation included an additional incentive/bonus of 10% of base salary as provided for by an incentive plan ("Incentive Plan").

177. Plaintiff's Incentive Plan would be defined within the first 90 days of Plaintiff's employment.

178. Plaintiff repeatedly requested an Incentive Plan throughout his employment with Republic Parking.

179. Republic Parking failed to provide Plaintiff an Incentive Plan.

180. Republic Parking failed to provide Plaintiff an Incentive Plan within the first 90 days of the Plaintiff's employment.

181. Plaintiff never received an Incentive Plan from Republic Parking.

182. Republic Parking breached the express terms of the Employment Contract with Plaintiff by failing to provide Plaintiff an Incentive Plan.

183. Plaintiff could not follow the Incentive Plan to be eligible for a 10% bonus to his base salary.

184. Plaintiff was prevented from receiving a 10% bonus to his base salary by Defendant's actions.

185. As a result of the acts and omissions set forth above, Plaintiff has suffered harm, including but not limited to, the inability to receive a 10% bonus of his base salary per annum, with accruing interest thereon.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter Judgment against Republic Parking for its breach(es) of contract and that the Court award damages, and any other such relief the Court deems just and appropriate.

A TRUE COPY. ATTEST

DEPUTY ASST. CLERK

## JURY DEMAND

Plaintiff hereby demands trial by jury on all counts of this Complaint, which are triable by

a jury.

Respectfully Plaintiff,
By his attorneys,

DATED: May 31, 2019

David J. Relethford, Esq.
BBO# 691223
drelethford@forrestlamothe.com
Michael C. Forrest, Esq.
BBO# 681401
mforrest@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
617-231-7829



A TRUE COPY. ATTEST
DEPUTY ASST. CLERK

# Republic Parking System, LLC

07.05.2017

Peter Furtado

RE: LETTER OF OFFER OF EMPLOYMENT – *Quality Assurance Manager – MBTA Operations*

Dear *Mr. Furtado*,

Following our recent discussions, we are delighted to offer you the position of Quality Assurance Manager – MBTA Operations with Republic Parking System, LLC. If you join Republic Parking System, LLC, you will become part of a dedicated team that works together to provide our clients with the highest possible level of service and advice.

The following points outline the terms and conditions we are proposing.

Title: *Quality Assurance Manager – MBTA Operations*

Reporting Relationship: *General Manager – MBTA Operations, Kyle Nichols*

Start date: May 29, 2017

## COMPENSATION:
- $85,000 per year, paid bi-monthly.
- $600 per month for a "vehicle allowance".
- Mileage reimbursement will be provided for all work related travel, does not include travel to and from work on a daily basis. When possible, it is expected that you will utilize one of the Maintenance Vehicles.
- 10% of your base salary can be earned as an incentive/bonus. Your incentive plan will be defined within the first ninety (90) days of your employment start date.
- New Business Incentive: 5% of year one profits on any new operation that is begun by Republic Parking System through efforts made by Mr. Furtado to find business. Does not apply to Government RFPs or posted RFPs, only for business found by Mr. Furtado.

## GROUP BENEFITS:
- Ability to partake in health insurance plan, effective immediately (submit paperwork on first day of employment)
- Ability to partake in both the Dental and Vision health plans, effective immediately
- Ability to partake in Life Insurance plan, effective immediately
- 401K eligibility after one (1) year of continuous employment with Republic Parking System

## VACATION:
After three (3) months of service you will be given one (1) week vacation, after six (6) months of service you will be given an additional week of paid vacation. Additional vacation time will be accrued based on RPS company policy.

## SICK/PERSONAL:
Republic Parking company policy is each full-time employee has the ability to accrue up to six (6) personal/sick days per year. These personal and sick days are accrued at a rate of 0.5 days per month.

## HOURS OF WORK:
As Quality Assurance Manager you will need to remain flexible for your working hours. Employee agrees to give his full time and best efforts to perform all duties required and assigned. The District Manager and you will work closely on your work schedule and assigned projects.

## TERMINATION FOR CAUSE OR DISABILITY. The Employment Agreement may be terminated at any time by Employer upon the following conditions:

(a)     Employer may terminate the Employee, at any time during this Agreement, by providing Employee with thirty (30) days written notice of its intent.

(b)     If Employee is unable to perform his duties because of illness or other [...] of such illness or incapacity shall total six (6) consecutive months.

If employment is terminated under subsection (a) above, Employee shall receive his salary and pro-rated share of the bonus through the date of termination. If termination occurs under subsection (b) above, the Employee shall receive his salary through the date of termination and the pro-rated share of the bonus, if any, earned under Paragraph 5 above, to be paid at the time the bonus would be normally paid.

**TERMINATION BY EMPLOYEE.** Employee may voluntarily terminate his employment at any time and in such event he shall be paid his salary and pro-rated bonus through the date of the termination of his employment.

**CONFIDENTIALITY.** Employee acknowledges that he shall have access to confidential information of Employer, and our client MBTA, from time to time, including revenue, operating costs, negotiating techniques, marketing approaches, financial terms in contracts, operating procedures and other confidential information, including trade secrets. Employee agrees not to divulge or disseminate such confidential information during or subsequent to termination of employment to any party or person without the written consent of Employer.

**COVENANT NOT TO COMPETE**. In consideration of the provisions herein, Employee agrees that for a period of twelve months (12) months after the termination of employment under this Agreement for any reason, he shall not, either directly or indirectly, engage or attempt to engage in any business or be employed or act in any capacity for LAZ Parking, Employee's most recent employer.

We look forward to the opportunity to work with you in an atmosphere that is successful and mutually challenging and rewarding.

Sincerely,

*Daniel Nash*
*District Manager*
*Republic Parking System*

With the signature below, I accept this offer for employment.

_____        _____
Name                                            Date


_____
Signature

A TRUE COPY. ATTEST

DEPUTY ASST. CLERK

 **impark**

May 1, 2019

Delivered via in-person meeting

Peter Furtado

Re: Termination of Employment

Dear Peter,

Further to our meeting today, we hereby advise you that effective today May 1, 2019, your employment with Republic Parking System, Inc., ("RPS" or the "Company") has been terminated due to several performance concerns. This includes but is not limited to, failure to meet deadlines and promptly respond to client requests; Failure to review and evaluate snow removal invoices; submitting an occupancy report containing inaccurate information to the client group and management team; Making derogatory comments concerning RPS and its personnel.

Also, please note as per your employee handbook, you are an employee at will; Employment with RPS is terminable "at-will", which means that employment at RPS is voluntary on part of both employer and employee. You are free to resign at any time, for any reason, with or without notice. Similarly, RPS has the absolute power, with or without prior notice or progressive discipline, to terminate your employment at any time, for any reason or no reason, with or without good cause.

As a result of the performance issues in today's meeting, the company has decided it must terminate your employment for cause with details as follows:

1. Your employment is being terminated with Republic Parking System effective today, May 1, 2019
2. All RPS-sponsored employee benefits will terminate, effective, May 5, 2019
3. You MUST return all company property including keys, parking passes, access cards, uniforms(if applicable), Phone, Laptop, and any other physical or electronic records/documents in your possession belonging to RPS immediately.

We wish you all the best in your future endeavors. If you have any questions, you may contact your HR Business Partner, Christina Wright directly at (301) 563-1715 or the HR Manager, Brandon Grisoff at (856) 854-7147.

Sincerely,

*Paul DiNapoli*    5/1/19

Paul DiNapoli
General Manager-MBTA
Republic Parking System, Inc.,

**EMPLOYEE ACKNOWLEDGEMENT**
I, Peter Furtado, have reviewed this letter. A copy of this letter was offered to be provided to me.

_____     _____
Peter Furtado                        Date

x Refused    to Sign
  Witness    x Read Back    5/1/19

Imperial Parking (U.S.), LLC          T 3015631723
8455 Colesville Rd., Ste 750          RPS.com
Silver Spring, MD 20910

*Antonietta McDonagh*
A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts |
|---|---|---|
| | *MMCV00090A* | The Superior Court |

| PLAINTIFF(S): PETER FURTADO | COUNTY |
|---|---|
| ADDRESS: | Essex |

DEFENDANT(S): REPUBLIC PARKING SYSTEM, LLC
and SCOTT TITMUS

ATTORNEY: David J. Relethford, Esq.

ADDRESS: Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi
2 Salem Green, Suite 2
Salem, MA 01970

BBO: #691223

ADDRESS: Registered Agent and President/Manager:
c/o CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AO1 | Service/Labor | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................................ $ \_\_\_\_\_
2. Total doctor expenses ........................................................................ $ \_\_\_\_\_
3. Total chiropractic expenses ................................................................ $ \_\_\_\_\_
4. Total physical therapy expenses ........................................................ $ \_\_\_\_\_
5. Total other expenses (describe below) .............................................. $ \_\_\_\_\_
   Subtotal (A): $ \_\_\_\_\_

B. Documented lost wages and compensation to date ............................... $ \_\_\_\_\_
C. Documented property damages to dated ............................................... $ \_\_\_\_\_
D. Reasonably anticipated future medical and hospital expenses ............... $ \_\_\_\_\_
E. Reasonably anticipated lost wages ....................................................... $ \_\_\_\_\_
F. Other documented items of damages (describe below) .......................... $ \_\_\_\_\_

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ \_\_\_\_\_

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Claim for unpaid wages, untimely payment of wages and breach of employment contract.

TOTAL: $ 50,000.00

Signature of Attorney/Pro Se Plaintiff: X _____     Date: 05/31/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____

TRUE COPY, ATTEST
*Antonietta McDonagh*
DEPUTY ASST. CLERK

<table>
<tr><td>

**CIVIL TRACKING ORDER**
(STANDING ORDER 1- 88)

</td><td>

DOCKET NUMBER

**1977CV00790**

</td><td>

**Trial Court of Massachusetts**
**The Superior Court** 

</td></tr>
<tr><td>

CASE NAME:
   Peter Furtado vs. Replubic Parking System, LLC et al

</td><td colspan="2">

Thomas H. Driscoll, Jr., Clerk of Courts

</td></tr>
<tr><td>

TO:   File Copy

</td><td colspan="2">

COURT NAME & ADDRESS
   Essex County Superior Court - Salem
   J. Michael Ruane Judicial Center
   56 Federal Street
   Salem, MA 01970

</td></tr>
</table>

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/29/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 09/30/2019 | |
| All motions under MRCP 12, 19, and 20 | 09/30/2019 | 10/28/2019 | 11/27/2019 |
| All motions under MRCP 15 | 09/30/2019 | 10/28/2019 | 11/27/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 03/26/2020 | | |
| All motions under MRCP 56 | 04/27/2020 | 05/26/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/22/2020 |
| Case shall be resolved and judgment shall issue by | | | 05/31/2021 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to Session "A" in Salem Superior Court

<table>
<tr><td>

DATE ISSUED

**06/04/2019**

</td><td>

ASSISTANT CLERK

**Carlotta Patten**

</td><td>

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK
(978)825-4800

</td></tr>
</table>

Date/Time Printed: 06-04-2019 16:20:15                    SCV026 08/2018

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 19CV790 A

PETER FURTADO ....................................................., Plaintiff(s)

v.

...REPUBLIC...PARKING...SYSTEM,...LLC...and...SCOTT...TITMUS..., Defendant(s)

## SUMMONS

To the above named Defendant: SCOTT TITMUS

You are hereby summoned and required to serve upon David J. Relethford, Esq. _____ ,

plaintiff's attorney, whose address is 2 Salem Green, Suite 2, Salem, MA 01970 an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

56 Federal Street _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.
Salem, MA 01970

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant , Esquire, at Salem, the eleventh

day of June , in the year of our Lord two thousand
nineteen

*Thomas H. Driscoll Jr.*

*Clerk*

*Antonietta McDonagh*

TRUE COPY, ATTEST
DEPUTY ASST. CLERK

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.




## Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C.
### Consumer Advocacy and Class Action Litigation

Robert E. Mazow, Esq.
Admitted in MA & NH
RMazow@forrestlamothe.com

Kevin J. McCullough, Esq.
Admitted in MA & NH
KMcCullough@forrestlamothe.com

John R. Yasi, Esq.
Admitted in MA
JYasi@forrestlamothe.com

Paul F.X. Yasi, Esq.
Admitted in MA
PYasi@forrestlamothe.com

Matthew T. LaMothe, Esq.
Admitted in MA
MLaMothe@forrestlamothe.com

Michael C. Forrest, Esq.
Admitted in MA, CA & NH (inactive)
MForrest@forrestlamothe.com

Brian P. McNiff, Esq.
Admitted in MA & IL
BMcNiff@forrestlamothe.com

David J. Relethford, Esq.
Admitted in MA
DRelethford@forrestlamothe.com

Salem, MA:
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890
(617) 517-3271 Fax

Concord, CA:
3990 Chestnut Avenue
Concord, CA 94519
(415) 529-9481
(877) 599-8890
(617) 517-3271 Fax

Chicago, IL:
(312) 261-5557
(617) 517-3271 Fax

PLEASE ADDRESS ALL
CORRESPONDENCE
TO THE SALEM,
MASSACHUSETTS
ADDRESS

June 19, 2019

Essex Superior Court
Civil Clerk's Office
56 Federal Street
Salem, MA 01970

RE:     **PETER FURTADO**
      **v.**
      **REPUBLIC PARKING SYSTEM, LLC**
      **and SCOTT TITMUS**
      <u>**Civil Action No. 1977CV00790A**</u>

Dear Sir or Madam:

Enclosed for filing please find:

*Return of Service – Scott Titmus.*

Please file the same in the usual manner. If you have any questions or
concerns, please do not hesitate to contact our office. Thank you for your
assistance.

Sincerely,

David J. Relethford, Esq.

DJR:ajh
Enclosure

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 19 cv 790

PETER FURTADO ....................................................................., Plaintiff(s)

v.

REPUBLIC PARKING SYSTEM, LLC and SCOTT TITMUS, Defendant(s)

## SUMMONS

To the above named Defendant: REPUBLIC PARKING SYSTEM, LLC

You are hereby summoned and required to serve upon David J. Relethford, Esq. ,

plaintiff's attorney, whose address is 2 Salem Green, Suite 2, Salem, MA 01970 an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

56 Federal Street either before service upon plaintiff's attorney or within a reasonable time thereafter.
Salem, MA 01970

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant , Esquire, at Salem, the eleventh
day of June , in the year of our Lord two thousand
nineteen

*Thomas H. Driscoll Jr.*

TRUE COPY. ATTEST
*Antonietta McDonagh*
DEPUTY ASST. CLERK

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



### Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C.
Consumer Advocacy and Class Action Litigation

Robert E. Mazow, Esq.
Admitted in MA & NH
RMazow@forestlamothe.com

Kevin J. McCullough, Esq.
Admitted in MA & NH
KMcCullough@forestlamothe.com

John R. Yasi, Esq.
Admitted in MA
JYasi@forestlamothe.com

Paul F.X. Yasi, Esq.
Admitted in MA
PYasi@forestlamothe.com

Matthew T. LaMothe, Esq.
Admitted in MA
MLaMothe@forestlamothe.com

Michael C. Forrest, Esq.
Admitted in MA, CA & NH (inactive)
MForrest@forestlamothe.com

Brian P. McNiff, Esq.
Admitted in MA & IL
BMcNiff@forestlamothe.com

David J. Relethford, Esq.
Admitted in MA
DRelethford@forestlamothe.com

Salem, MA.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890
(617) 517-3271 Fax

Concord, CA.
3998 Chestnut Avenue
Concord, CA 94519
(415) 579-9481
(877) 599-8890
(617) 517-3271 Fax

Chicago, IL.
(312) 264-5557
(617) 517-3271 Fax

PLEASE ADDRESS ALL
CORRESPONDENCE
TO THE SALEM,
MASSACHUSETTS
ADDRESS

www.ForrestLaMothe.com

June 24, 2019

Essex Superior Court
Civil Clerk's Office
56 Federal Street
Salem, MA 01970

**RE:** **PETER FURTADO**
v.
**REPUBLIC PARKING SYSTEM, LLC**
**and SCOTT TITMUS**
**Civil Action No. 1977CV00790A**

Dear Sir or Madam:

Enclosed for filing please find:

*Return of Service -- Republic Parking System, LLC.*

Please file the same in the usual manner. If you have any questions or concerns, please do not hesitate to contact our office. Thank you for your assistance.

Sincerely,

David J. Relethford, Esq.

DJR:ajh
Enclosure

A TRUE COPY. ATTEST
DEPUTY ASST. CLERK

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

ESSEX SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 1977-CV-00790A

|  |  |
|---|---|
| PETER FURTADO, | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| REPUBLIC PARKING SYSTEM, LLC and | ) |
| SCOTT TITMUS, | ) |
| Defendants. | ) |
|  | ) |

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JUL 1 2 2019

CLERK

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that this case, which was previously pending in the Superior Court of Essex County, Commonwealth of Massachusetts, has been removed to the United States District Court for the District of Massachusetts by the Defendants Republic Parking System, LLC and Scott Titmus pursuant to Title 28 U.S.C. §§ 1441 and 1446. A copy of the Notice of Removal, filed with the United States District Court for the District of Massachusetts, is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), this Court "shall proceed no further unless and until the case is remanded."

Respectfully submitted,

REPUBLIC PARKING, LLC AND
SCOTT TITMUS

By their attorneys,

_Christina Duszlak_

Robert A. Fisher (BBO No. 643797)
Christina Duszlak (BBO No. 698999)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4871
Fax:         (617) 790-6703
cduszlak@seyfarth.com

Dated: July 11, 2019

2

**CERTIFICATE OF SERVICE**

I, Christina Duszlak, hereby certify that on this 11th day of July, 2019, I served a true copy of the foregoing document by email and first class mail, on counsel for Plaintiff.

David J. Relethford
Michael C. Forrest
Forrest, LaMothe, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970

Christina Duszlak

# Exhibit A

I hereby certify on 7/10/2019 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 7/08/2019
☐ original filed in my office on _____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _Timothy M. DeMaria_
Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PETER FURTADO,

        Plaintiff,

    v.

REPUBLIC PARKING SYSTEM, LLC and
SCOTT TITMUS,

        Defendants.

Civil Action No. 1:19-cv-11481



### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Republic Parking System, LLC ("Republic") and Scott Titmus (collectively "Defendants") hereby notice the removal to this Court of the civil action styled as *Furtado. v. Republic Parking System, LLC and Scott Titmus*, from the Massachusetts Superior Court for Essex County, Civil Action No. 1977-CV-00790A. In support thereof, Defendants state the following:

1. Plaintiff filed a Complaint in the present action on June 11, 2019.

2. Plaintiff served process on Republic on June 19, 2019.

3. True and correct copies of the Summons, Civil Action Cover Sheet, Complaint, and Tracking Order served on Republic are attached hereto as Exhibit 1. The documents at Exhibit 1 constitute all process, pleadings, and orders served on Republic in this action.

4. The Complaint alleges that the Defendants failed to pay Plaintiff vacation time and compensatory ("comp") time in violation of MGL c. 149, s. 148. Compl. at Counts I-II. Plaintiff also alleges that Defendants failed to pay travel time expenses in violation of MGL c.

149, s. 151 and 454 CMR 27.04.  Complaint[1] at Count III.  Plaintiff further alleges that Defendants failure to pay vacation pay, travel expenses, and comp time constituted a breach of contract.  Compl. at Counts IV-V.  Finally, Plaintiff alleges that Defendants failure to provide Plaintiff with an incentive plan constituted a breach of contract.  Compl. at Counts VI.

5.      The Complaint alleges that Plaintiff's damages exceed Twenty-Five Thousand Dollars ($25,000).  Compl. ¶ 6.

### This Notice Is Timely Filed

6.      In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after Plaintiff served Republic with the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

### This Court Has Diversity Jurisdiction Over This Action

7.      Removal of this case is proper pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000 and the case is between citizens of different states.

8.      Plaintiff is a citizen of the Commonwealth of Massachusetts.  *See* Compl., ¶ 1.

9.      Republic Parking System, LLC is a foreign LLC.  Compl., ¶ 2.  It is organized under the laws of Tennessee with a principal place of business in New Jersey.  *See* 2018 Annual Report submitted to the Massachusetts Secretary of State, attached as Exhibit 9.  The citizenship of an LLC is based upon the citizenship of each of its individual members.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006).

---

[1] Complaint will be referred to as Compl.

10.    Republic's manager is Imperial Parking (U.S.), LLC. Imperial Parking (U.S.), LLC is organized under the laws of Delaware with a principal place of business in New Jersey.  Exhibits 2-11 .

11.    Defendant Scott Titmus is the former President of Republic, and resides in Tennessee. *See* Titmus Decl., attached as Exhibit 12.[2]

12.    Mr. Titmus has not been served with process in this matter.

13.    Because Plaintiff and Defendants are citizens of different states, the parties satisfy the complete diversity of citizenship requirement for removal.

14.    For purposes of diversity jurisdiction, the sum demanded in the initial pleading is deemed to be the amount in controversy, except that:

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks-- . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].

28 U.S.C.A. § 1446(c)(2).

15.    In the instant Complaint, Plaintiff seeks unpaid wages related to vacation time and comp time, travel expenses, and incentive pay.  Compl. at Counts I-VI and Prayer for Relief.  The Complaint alleges that damages exceed Twenty-Five Thousand Dollars ($25,000).  Compl. ¶ 6. Plaintiff's Civil Action Cover Sheet in the Superior Court alleges damages of "$50,000." Exhibit 13.

16.    Plaintiff also seeks treble damages and attorneys' fees.  Compl. at Counts I-III.

---

[2] The Titmus Declaration was filed as part of a motion pending with the District of Massachusetts Court in *Abrar v. v. Republic Parking System, LLC and Scott Titmus*, No. 1:19-cv-11183 (D. Mass filed June 26, 2019) Dkt. 15-14.

17.    The "amount in controversy" includes not only lost wages and other benefits, but also mandatory treble damages pursuant to M.G.L. ch. 149, § 150. *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) (citing *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)).

18.    Plaintiff received a salary of $85,000 per year. Compl. ¶ 34.

19.    Plaintiff alleges that he is owed two weeks of unpaid vacation time, which totals $9,807.69, including mandatory treble damages. Compl. ¶¶ 57-58.

20.    Plaintiff alleges that he is owed Comp time for 70 hours of work, which totals $8,578.50 including mandatory treble damages. Compl. ¶¶ 76, 82.

21.    Plaintiff alleges that Defendants failed to pay him travel expenses for utilizing "his own vehicle to travel tens of thousands of miles." Compl. ¶ 93. As such, Plaintiff alleges that he is owed reimbursement for at least 10,000 miles from February 2017-May 1, 2019. Compl. ¶¶ 91-96. At the 2017 federal mileage reimbursement of 53.5 cents, Plaintiff alleges he is owed at least $15,900, including mandatory treble damages. Exhibit 14

22.    Plaintiff alleges that he was promised an additional incentive/bonus of 10% of base salary, which over a two year period would total $17,000 Compl. ¶ 37.

23.    Accordingly, Plaintiff alleges at least $51,286.19 in damages, not including the award of attorney's fees.

24.    Reasonable estimates of attorneys' fees are also included in the amount in controversy when required by statute. *See Toro v. CSX Intermodal Terminals, Inc.*, No. 12–40115–TSH, 2013 WL 593947, at *4 (D. Mass. Feb. 11, 2013) (discussing recovery of attorney's fees under M.G.L. c. 149 § 150); *Arrigo v. Scholarship Storage, Inc.*, 10–11650–MLW, 2011 WL 3584715, at *4 (D. Mass. Aug. 10, 2011) (same).

25.    As of November 2016, Plaintiff's counsel, Michael C. Forrest, Esq., has submitted to the District of Massachusetts that his rate is $450.00/hour. *Khun, et. al. v. Sleepy's, LLC and CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts*, Inc., No. 1:17-cv-10110 (D. Mass. filed Jan. 23, 2017) Dkt. 55 at 18.

26.    As of November 2016, the rate for plaintiff's counsel, David J. Relethford, Esq., has submitted to the District of Massachusetts that his rate is $325.00/hour. *Khun, et. al. v. Sleepy's, LLC and CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts*, Inc., No. 1:17-cv-10110 (D. Mass. filed Jan. 23, 2017) Dkt. 55 at 18.

27.    Plaintiff's counsel petitioned for an award of attorney's fees in the amount of $250,000 in connection with one settlement. *Khun, et. al. v. Sleepy's, LLC and CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts*, Inc., No. 1:17-cv-10110 (D. Mass. filed Jan. 23, 2017) Dkt. 46-1 at 8. Even considering that this case was a class action, the award was ten times what is needed to meet the amount in controversy requirement.

28.    Attorney's fees exceeded $36,000 for two plaintiffs awarded only $12,840 and $13,800 respectively for a Wage Act violation related to their travel time. *Freehart v Charlton Welding and Repair, Inc.*, No. WOCV201300633, 2016 WL 6902951, at *5 (Mass.Super. Oct. 31, 2016); *Freehart v Charlton Welding and Repair Inc*, No. WOCV201300633, 2017 WL 3622146, at *1 (Mass.Super. June 01, 2017).

29.    The compensatory damages each Plaintiff seeks, combined with the treble damages and attorney's fees, exceed the $75,000 threshold for diversity jurisdiction for each Plaintiff.

30.    Therefore, complete diversity exists between the parties in this matter, the amount in controversy requirement is satisfied, and this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

31.     As a result, this case is properly removable to this Court under 28 U.S.C. § 1441.

32.     The Civil Cover Sheet required by this court is attached hereto as Exhibit 13.

33.     The Category Form required by this court is attached hereto as Exhibit 15.

34.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this notice of

removal with the Clerk of the Massachusetts Superior Court for Essex County, and will also

serve a copy upon counsel for Plaintiff. A true and correct copy of the notice to the Clerk of the

Massachusetts Superior Court for Essex County is attached hereto as Exhibit 16.

        WHEREFORE, Defendants remove the action now pending against them in the

Massachusetts Superior Court for Essex County, Civil Action No. 1977-CV-00790A, to this

Court.

July 8, 2019                              Respectfully submitted,

                                          REPUBLIC PARKING SYSTEM, LLC,
                                          AND SCOTT TITMUS

                                          By their attorneys,

                                          */s/ Christina Duszlak*
                                          Robert A. Fisher (BBO No. 643797)
                                          Christina Duszlak (BBO No. 698999)
                                          Hillary J. Massey (BBO No. 669600)
                                          SEYFARTH SHAW LLP
                                          World Trade Center East
                                          Two Seaport Lane, Suite 300
                                          Boston, MA 02210-2028
                                          Telephone:   (617) 946-4800
                                          Fax:         (617) 946-4801
                                          rfisher@seyfarth.com

**CERTIFICATE OF SERVICE**

I, Christina Duszlak, hereby certify that on this 8th day of July, 2019, I served a true copy of the foregoing document by email and first class mail, on counsel for Plaintiff.

David J. Relethford
Michael C. Forrest
Forrest, LaMothe, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970

/s/ Christina Duszlak
Christina Duszlak

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

ESSEX SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CA No. 1977-CV-00790A

PETER FURTADO,

     Plaintiffs,

v.

REPUBLIC PARKING SYSTEM, LLC and
SCOTT TITMUS,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JUL 1 2 2019

*Thomas H. Driscoll Jr.*
CLERK

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

  PLEASE TAKE NOTICE that this case, which was previously pending in the Superior

Court of Essex County, Commonwealth of Massachusetts, has been removed to the United States

District Court for the District of Massachusetts by the Defendants Republic Parking System,

LLC and Scott Titmus pursuant to Title 28 U.S.C. §§ 1441 and 1446. A copy of the Notice of

Removal, filed with the United States District Court for the District of Massachusetts, is attached

hereto as <u>Exhibit A</u>.

  PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), this Court

"shall proceed no further unless and until the case is remanded."

Respectfully submitted,

REPUBLIC PARKING, LLC AND
SCOTT TITMUS

By their attorneys,

Robert A. Fisher (BBO No. 643797)
Christina Duszlak (BBO No. 698999)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4871
Fax:          (617) 790-6703
cduszlak@seyfarth.com

Dated: July 11, 2019

## CERTIFICATE OF SERVICE

I, Christina Duszlak, hereby certify that on this 11th day of July, 2019, I served a true copy of the foregoing document by email and first class mail, on counsel for Plaintiff.

David J. Relethford
Michael C. Forrest
Forrest, LaMothe, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970

Christina Duszlak

# Exhibit A

I hereby certify on 7/10/2019 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 7/08/2019
☐ original filed in my office on _____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

By: _Timothy A. DeMaria_
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER FURTADO,

            Plaintiff,

      v.

REPUBLIC PARKING SYSTEM, LLC and
SCOTT TITMUS,

            Defendants.

Civil Action No. 1:19-cv-11481



## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Republic Parking System, LLC

("Republic") and Scott Titmus (collectively "Defendants") hereby notice the removal to this

Court of the civil action styled as *Furtado. v. Republic Parking System, LLC and Scott Titmus*,

from the Massachusetts Superior Court for Essex County, Civil Action No. 1977-CV-00790A.

In support thereof, Defendants state the following:

1.      Plaintiff filed a Complaint in the present action on June 11, 2019.

2.      Plaintiff served process on Republic on June 19, 2019.

3.      True and correct copies of the Summons, Civil Action Cover Sheet, Complaint, and

Tracking Order served on Republic are attached hereto as Exhibit 1.  The documents at Exhibit 1

constitute all process, pleadings, and orders served on Republic in this action.

4.      The Complaint alleges that the Defendants failed to pay Plaintiff vacation time and

compensatory ("comp") time in violation of MGL c. 149, s. 148.  Compl. at Counts I-II.

Plaintiff also alleges that Defendants failed to pay travel time expenses in violation of MGL c.

149, s. 151 and 454 CMR 27.04. Complaint[1] at Count III. Plaintiff further alleges that

Defendants failure to pay vacation pay, travel expenses, and comp time constituted a breach of

contract. Compl. at Counts IV-V. Finally, Plaintiff alleges that Defendants failure to provide

Plaintiff with an incentive plan constituted a breach of contract. Compl. at Counts VI.

5.      The Complaint alleges that Plaintiff's damages exceed Twenty-Five Thousand Dollars

($25,000). Compl. ¶ 6.

### This Notice Is Timely Filed

6.      In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is

filed within thirty (30) days after Plaintiff served Republic with the initial pleading setting forth

the claims for relief upon which Plaintiff's action is based.

### This Court Has Diversity Jurisdiction Over This Action

7.      Removal of this case is proper pursuant to 28 U.S.C. § 1332(a)(1) because the amount in

controversy exceeds the sum or value of $75,000 and the case is between citizens of different

states.

8.      Plaintiff is a citizen of the Commonwealth of Massachusetts. *See* Compl., ¶ 1.

9.      Republic Parking System, LLC is a foreign LLC. Compl., ¶ 2. It is organized under the

laws of Tennessee with a principal place of business in New Jersey. *See* 2018 Annual Report

submitted to the Massachusetts Secretary of State, attached as Exhibit 9. The citizenship of an

LLC is based upon the citizenship of each of its individual members. *See Americold Realty Tr.*

*v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016); *Pramco, LLC ex rel. CFSC Consortium, LLC v.*

*San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006).

---

[1] Complaint will be referred to as Compl.

10.    Republic's manager is Imperial Parking (U.S.), LLC. Imperial Parking (U.S.), LLC is organized under the laws of Delaware with a principal place of business in New Jersey.  Exhibits 2-11 .

11.    Defendant Scott Titmus is the former President of Republic, and resides in Tennessee. *See* Titmus Decl., attached as Exhibit 12.[2]

12.    Mr. Titmus has not been served with process in this matter.

13.    Because Plaintiff and Defendants are citizens of different states, the parties satisfy the complete diversity of citizenship requirement for removal.

14.    For purposes of diversity jurisdiction, the sum demanded in the initial pleading is deemed to be the amount in controversy, except that:

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks-- . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].

28 U.S.C.A. § 1446(c)(2).

15.    In the instant Complaint, Plaintiff seeks unpaid wages related to vacation time and comp time, travel expenses, and incentive pay.  Compl. at Counts I-VI and Prayer for Relief.  The Complaint alleges that damages exceed Twenty-Five Thousand Dollars ($25,000).  Compl. ¶ 6. Plaintiff's Civil Action Cover Sheet in the Superior Court alleges damages of "$50,000." Exhibit 13.

16.    Plaintiff also seeks treble damages and attorneys' fees.  Compl. at Counts I-III.

---

[2] The Titmus Declaration was filed as part of a motion pending with the District of Massachusetts Court in *Abrar v. v. Republic Parking System, LLC and Scott Titmus,* No. 1:19-cv-11183 (D. Mass filed June 26, 2019) Dkt. 15-14.

17.     The "amount in controversy" includes not only lost wages and other benefits, but also mandatory treble damages pursuant to M.G.L. ch. 149, § 150. *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) (citing *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 222 (D.N.H. 2004)).

18.     Plaintiff received a salary of $85,000 per year.  Compl. ¶ 34.

19.     Plaintiff alleges that he is owed two weeks of unpaid vacation time, which totals $9,807.69, including mandatory treble damages.  Compl. ¶¶ 57-58.

20.     Plaintiff alleges that he is owed Comp time for 70 hours of work, which totals $8,578.50 including mandatory treble damages.  Compl. ¶¶ 76, 82.

21.     Plaintiff alleges that Defendants failed to pay him travel expenses for utilizing "his own vehicle to travel tens of thousands of miles."  Compl. ¶ 93.  As such, Plaintiff alleges that he is owed reimbursement for at least 10,000 miles from February 2017-May 1, 2019.  Compl. ¶¶ 91-96.  At the 2017 federal mileage reimbursement of 53.5 cents, Plaintiff alleges he is owed at least $15,900, including mandatory treble damages.  Exhibit 14

22.     Plaintiff alleges that he was promised an additional incentive/bonus of 10% of base salary, which over a two year period would total $17,000  Compl. ¶ 37.

23.     Accordingly, Plaintiff alleges at least $51,286.19 in damages, not including the award of attorney's fees.

24.     Reasonable estimates of attorneys' fees are also included in the amount in controversy when required by statute. *See Toro v. CSX Intermodal Terminals, Inc.*, No. 12–40115–TSH, 2013 WL 593947, at *4 (D. Mass. Feb. 11, 2013) (discussing recovery of attorney's fees under M.G.L. c. 149 § 150); *Arrigo v. Scholarship Storage, Inc.*, 10–11650–MLW, 2011 WL 3584715, at *4 (D. Mass. Aug. 10, 2011) (same).

25.     As of November 2016, Plaintiff's counsel, Michael C. Forrest, Esq., has submitted to the District of Massachusetts that his rate is $450.00/hour. *Khun, et. al. v. Sleepy's, LLC and CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts*, Inc., No. 1:17-cv-10110 (D. Mass. filed Jan. 23, 2017) Dkt. 55 at 18.

26.     As of November 2016, the rate for plaintiff's counsel, David J. Relethford, Esq., has submitted to the District of Massachusetts that his rate is $325.00/hour. *Khun, et. al. v. Sleepy's, LLC and CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts*, Inc., No. 1:17-cv-10110 (D. Mass. filed Jan. 23, 2017) Dkt. 55 at 18.

27.     Plaintiff's counsel petitioned for an award of attorney's fees in the amount of $250,000 in connection with one settlement. *Khun, et. al. v. Sleepy's, LLC and CMC Acquisition Corporation, d/b/a Capitol Marketing Concepts*, Inc., No. 1:17-cv-10110 (D. Mass. filed Jan. 23, 2017) Dkt. 46-1 at 8.  Even considering that this case was a class action, the award was ten times what is needed to meet the amount in controversy requirement.

28.     Attorney's fees exceeded $36,000 for two plaintiffs awarded only $12,840 and $13,800 respectively for a Wage Act violation related to their travel time. *Freehart v Charlton Welding and Repair, Inc.*, No. WOCV201300633, 2016 WL 6902951, at *5 (Mass.Super. Oct. 31, 2016); *Freehart v Charlton Welding and Repair Inc*, No. WOCV201300633, 2017 WL 3622146, at *1 (Mass.Super. June 01, 2017).

29.     The compensatory damages each Plaintiff seeks, combined with the treble damages and attorney's fees, exceed the $75,000 threshold for diversity jurisdiction for each Plaintiff.

30.     Therefore, complete diversity exists between the parties in this matter, the amount in controversy requirement is satisfied, and this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

31.   As a result, this case is properly removable to this Court under 28 U.S.C. § 1441.

32.   The Civil Cover Sheet required by this court is attached hereto as Exhibit 13.

33.   The Category Form required by this court is attached hereto as Exhibit 15.

34.   Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this notice of

removal with the Clerk of the Massachusetts Superior Court for Essex County, and will also

serve a copy upon counsel for Plaintiff.  A true and correct copy of the notice to the Clerk of the

Massachusetts Superior Court for Essex County is attached hereto as Exhibit 16.

   WHEREFORE, Defendants remove the action now pending against them in the

Massachusetts Superior Court for Essex County, Civil Action No. 1977-CV-00790A, to this

Court.

July 8, 2019                                  Respectfully submitted,

                                             REPUBLIC PARKING SYSTEM, LLC,
                                             AND SCOTT TITMUS

                                             By their attorneys,

                                             /s/ Christina Duszlak
                                             Robert A. Fisher (BBO No. 643797)
                                             Christina Duszlak (BBO No. 698999)
                                             Hillary J. Massey (BBO No. 669600)
                                             SEYFARTH SHAW LLP
                                             World Trade Center East
                                             Two Seaport Lane, Suite 300
                                             Boston, MA 02210-2028
                                             Telephone:   (617) 946-4800
                                             Fax:         (617) 946-4801
                                             rfisher@seyfarth.com

## CERTIFICATE OF SERVICE

I, Christina Duszlak, hereby certify that on this 8th day of July, 2019, I served a true copy of the foregoing document by email and first class mail, on counsel for Plaintiff.

David J. Relethford
Michael C. Forrest
Forrest, LaMothe, Mazow, McCullough,
Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970

/s/ Christina Duszlak
Christina Duszlak