**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PETER FURTADO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-11481-DJC |
| REPUBLIC PARKING SYSTEM, LLC et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

CASPER, J.                                    March 2, 2020

## I.      Introduction

Plaintiff Peter Furtado ("Furtado") has filed this lawsuit against Defendants Republic Parking Systems, LLC ("Republic Parking") and Scott Timus ("Timus") alleging several counts of breach of contract and violations of the Massachusetts Wage Act (the "Wage Act"), Mass. Gen. L. c. 149, § 148.  D. 1-1.  Defendants have now moved to dismiss Counts II and III, two of Furtado's Wage Act claims.  D. 5; D. 14.  For the reasons stated below, the Court ALLOWS the motions as to Count II, but DENIES them as to Count III.

## II.     Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific

inquiry.  <u>García-Catalán v. United States</u>, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  <u>Id.</u>  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  <u>Id.</u>  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." <u>García-Catalán</u>, 734 F.3d at 103 (citation omitted).

## III.    Factual Background

Unless otherwise noted, the following facts are drawn from Furtado's complaint and the exhibits referenced therein, D. 1-1, and are taken as true for the purposes of resolving the motions to dismiss.  Republic Parking is a limited liability company which provides parking and transportation services at airports and urban markets throughout Massachusetts. D. 1-1 ¶ 9.  Timus is the president and registered manager of Republic Parking.  <u>Id.</u> ¶ 20.  In early 2017, Republic Parking began contracting with the MBTA, an account previously held by LAZ Parking.  <u>Id.</u> ¶ 29. Furtado had worked for LAZ parking between 2005 and 2017 and was "intimately familiar" with the MBTA account.  <u>Id.</u> ¶¶ 26, 28.  In February 2017, Republic Parking sought to hire Furtado because of his familiarity with the MBTA account.  <u>Id.</u> ¶¶ 22, 30.  That same month, Furtado accepted Republic Parking's offer of employment pursuant to the terms set forth in the Letter of Offer of Employment (the "Letter Agreement").  <u>Id.</u> ¶¶ 32-33; D. 1-1 at 23.  Furtado's duties "included ensuring that the landscaping, potholes, cleaning and parking enforcement was taken care of by Republic Parking's employees."  <u>Id.</u> ¶ 45.

Pursuant to the Letter Agreement, Republic Parking agreed to pay Furtado an annual salary of $85,000.00, provide a monthly vehicle allowance in the amount of $600.00 and provide "mileage reimbursement" for "all work-related travel" except any travel to and from work. D. 1-1 at 23. Furtado's paid vacation would increase over time: he received one week in the first six months of employment, two weeks after the first six months, and three weeks after his compensation plan changed in 2018. Id. ¶¶ 39-41. Furtado would also accumulate sick and personal days. D. 1-1 at 23. Regarding his hours, the Letter Agreement provides that: "[a]s Quality Assurance Manager you will need to remain flexible for your working hours. [Furtado] agrees to give his full time and best efforts to perform all duties required and assigned." D. 1-1 at 23.

Furtado alleges that "[r]ather than paying employees for additional work beyond their normal duties, Republic Parking promised managers Comp Time in blizzard and emergency situations." D. 1-1 ¶ 67. Comp time is paid time off given to an employee instead of additional payment for work done in addition to their normal hours. Id. ¶ 65.

Furtado worked for Republic Parking for over two years. Id. ¶¶ 23, 50. During this time, Furtado worked extra shifts in anticipation of receiving comp time. Id. ¶ 72. His work also required frequent travel in his own vehicle which he used to travel tens of thousands of miles while working for Republic Parking. Id. ¶ 93.

Republic Parking's employment relationship with Furtado began to deteriorate and Republic Parking terminated Furtado's employment on May 1, 2019. Id. ¶¶ 46-50. At the time of his termination, Furtado had accrued three weeks of paid vacation time, seventy hours of comp time and had incurred work-related travel expenses. Id. ¶ 54, 83, 97. Republic Parking paid Furtado for only one of his three weeks of vacation, none of his accrued comp time and reimbursed Furtado for only some of his travel expenses. Id. ¶¶ 56-57, 82-83, 95-98.

**IV.     Procedural History**

Plaintiff instituted this action on May 31, 2019 in Essex Superior Court, D. 1-1, and, on July 8, 2019, Defendants removed the case to this Court.  D. 1.  On the same day, Republic Parking moved to dismiss two of the six claims brought against them.  D. 5.  After a hearing on Republic Parking's motion to dismiss, D. 13, Timus joined Republic Parking's motion to dismiss, D. 14, and Furtado opposes that motion for the same reasons as it opposes Republic Parking's motion, D. 15.

**V.     Discussion**

Defendants challenge two of Furtado's claims brought under the Wage Act (Count II and III).  D. 5; D. 14.  The Wage Act requires "[e]very person having employees in his service" to pay such employees the wages earned within a fixed period.  Mass. Gen. L. c. 149, § 148.  "The purpose of the Wage Act is 'to prevent the unreasonable detention of wages,'" Melia v. Zenhire, Inc., 462 Mass. 164, 170 (2012) (quoting Boston Police Patrolmen's Ass'n, Inc. v. Boston, 435 Mass. 718, 720 (2002)), and to "provide strong statutory protection for employees and their right to wages." Crocker v. Townsend Oil Co., Inc., 464 Mass. 1, 13 (2012).  To state a claim under the Wage Act a plaintiff must allege:  "(1) he was an employee under the statute, (2) his form of compensation constitutes a wage under the statute, and (3)  the defendants violated the Act by not paying him his wages in a timely manner."  Napert v. Gov't Emps. Ins. Co., 36 F. Supp. 3d 237, 241-42 (D. Mass. 2014).  Defendants contend that Counts II and III must be dismissed because, they argue, neither comp time nor travel expenses qualify as "wages" within the meaning of the Wage Act and therefore fail the second element.  D. 6 at 1.

## A.      Count II: Whether Comp Time is Recoverable under the Wage Act

Furtado claims that he accumulated over seventy hours of comp time to which he is entitled to recover as wages under the Wage Act.  D. 1-1 ¶¶ 124-137.  Defendants argue that Furtado's comp time is not recoverable because it was not part of his regular wages and is discretionary.  D. 6 at 4-5.  The Wage Act explicitly enumerates certain benefits that are considered wages and comp time is absent from this list.  Mass. Gen. L. c. 149, § 148 (enumerating holiday and vacation time as included as wages within the meaning of the Wage Act).  The absence of comp time in this enumeration, however, does not end the inquiry.  See Mui v. Mass. Port Auth., 478 Mass. 710, 712 (2018) (explaining that although the Wage Act enumerates certain benefits that are considered wages, the statute uses the word "include" which "signals that entities not specifically enumerated are not [necessarily] excluded") (internal quotation marks and citation omitted).  Thus, this Court must consider whether comp time is otherwise considered a wage within the Wage Act.

"While the [Wage] Act makes clear on its face holiday pay, vacation pay, and definitely determined commissions fall within its protections, the term 'wages' is not otherwise defined." Weiss v. DHL Express, Inc., 718 F.3d 39, 47 (1st Cir. 2013) (citing Mass. Gen. L. c. 149, § 148). Massachusetts courts look to the purpose of the Act—to prevent the unreasonable detention of wages—and have refused to adopt a broad definition of "wages."  Id. (summarizing Massachusetts' caselaw defining "wages" under the Wage Act).  "[B]ecause the Wage Act carries criminal penalties, see § 27C, courts have been reluctant to extend its reach beyond the wages, salary, holiday pay, vacation pay, and definitely determined commissions which the statute expressly mentions."  Roma v. Raito, Inc., No. 13-cv-10297-LTS, 2015 WL 1523098, at *7 (D. Mass. Mar. 31, 2015).

Wages earned but not contingent on some other fact or within the discretion of the employer are generally considered "wages" under the Wage Act. See id. (explaining that "[t]he term 'wages' has been interpreted to mean those wages which have been 'earned,' and not monies which are 'discretionary' or 'contingent'"). Commissions, for example, are considered wages because they are the fruit of an employee's work and not otherwise discretionary. See id. at *7-*8; Weiss, 718 F.3d at 47. Similarly, holiday time accumulated over a set period is a wage, whereas sick days, although accumulated by the employee, are a benefit contingent on a distinct fact—being sick—and thus are not wages. Mui, 478 Mass. at 713 (accumulated sick days are not wages). Bonuses are typically not considered wages as they are usually contingent on some other fact or otherwise discretionary. See Weems v. Citigroup Inc., 453 Mass. 147, 154 (2009) (holding that bonuses are not wages); Roma, 2015 WL 1523098, at *7-*8 (same).

Here, Furtado alleges that rather than paying employees for extra hours worked during blizzards and in emergency situations, Republic Parking promised to provide comp time at a one-to-one ratio for extra hours worked. D. 1-1 ¶¶ 65-89. Defendants assert that it is more akin to a bonus or extra incentive and, therefore, is not recoverable under the Wage Act. D. 6 at 5. Indeed, under "Compensation" in the Letter Agreement, there is no reference to comp time. D. 1-1 at 23. Moreover, under "Hours of Work," the Letter Agreement provides: "you will need to remain flexible for your working hours" and that the "[Furtado] agrees to give his full time and best efforts to perform all duties required and assigned." D. 1-1 at 23. The Letter Agreement also provides that "[t]he District Manager and [Furtado] will work closely on your work schedule and assigned projects." Id. On these terms, the Letter Agreement required Furtado to be flexible in the hours he worked, when he worked them and what duties he performed. Furtado was paid a salary, as opposed to hourly, presumably to account for such flexibility.

While the "extra work" Furtado did during snowstorms or blizzards may have been beyond what Furtado normally did on a day-to-day basis, it was not beyond Furtado's job description under the Letter Agreement.  The comp time Republic Parking provided for this work is more akin to a bonus or incentive in that, per the Letter Agreement, Furtado was required to work flexible hours for his salary and thus the comp time was not otherwise earned.[1]  Thus, in keeping with not expanding the scope of the Wage Act where the legislature itself has not done so, <u>Mui</u>, 478 Mass. at 712, the Court declines to do so here as to comp time, <u>see</u> <u>Boston Police Patrolmen's Ass'n, Inc.</u>, 435 Mass. at 720-721 (holding that tax-exempt deferred compensation is not considered a wage).  Comp time provided for "extra work" is not a wage within the meaning of the Wage Act where Furtado, as alleged here, is an employee paid a salary for working flexible hours with flexible duties.  Accordingly, the Court ALLOWS the motions to dismiss as to Count II.

### B.    Count III: Whether Travel Expenses are Recoverable

#### 1.    Travel Expenses Under the Wage Act

Furtado alleges that Defendants unlawfully failed to reimburse him for travel expenses in violation of the Wage Act and 454 C.M.R. § 27.04(4) (2019) ("Regulation 27.04(4)").  D. 10 at 9. Defendants assert that Plaintiff's claim for travel expenses are not recoverable under the Wage Act.  D. 6 at 6-12.  Although the Supreme Judicial Court has not addressed whether travel expenses are considered wages, <u>see</u> <u>Cook v. Patient Educ., LLC</u>, 465 Mass. 549, 550 n.6 (2013) (noting that "the issue whether unreimbursed expenses qualify as wages is not before us"), the term "wages has been interpreted to mean those wages which have been earned," <u>Roma</u>, 2015 WL 1523098, at *7 (citation omitted).  Defendants rely upon <u>Fraelick v. PerkettPR, Inc.</u> to support their proposition

---

[1] The Court does not express a view on the viability of Furtado's breach of contract claim for unpaid comp time, Count IV, which is not challenged here.

that travel expenses are not wages within the meaning of the Wage Act. D. 6 at 6-7 (citing <u>Fraelick v. PerkettPR, Inc.</u>, 83 Mass. App. Ct. 698, 706 (Mass. App. Ct. 2013)). <u>Fraelick</u> recognizes that business expenses would not ordinarily be considered "earned" and thus are not wages. <u>See</u> <u>id.</u>

Such recognition in <u>Fraelick</u> does not foreclose Furtado's ability to recover under the Wage Act. <u>Fraelick</u> also acknowledged that while "business expenses" would not ordinarily be considered "earned" and thus not wages, it also concluded that the Wage Act also prohibits an employer from exempting itself from the timely and complete payment of wages "by special contract or by *any other means*." <u>Id.</u> at 707 (citing Mass. Gen. L. c. 149, § 148 and adding emphasis). That is, "the relevant precedent makes it clear that an employer may not reduce wages by, or condition the full and timely payment of wages on, payments by an employee to or on behalf of the employer." <u>Id.</u> at 708 (denying motion to dismiss where "the complaint alleges that the otherwise permissible expense reimbursement arrangement designed to benefit employees was abandoned and replaced with a policy and practice which required the employee, under penalty of discharge, to advance, indefinitely, expenses for the employer's benefit"); <u>see</u> <u>Garcia v. Right at Home, Inc.</u>, NO. SUCV-2015-0909-BLS2, 2016 WL 3144372, at *4 (MA Super. Ct. January 19, 2016) (concluding that Regulation § 27.04(4)(d) is consistent with the Wage Act because the regulation "prevents a wage reduction achieved by 'any other means' [as provided under Wage Act] in that it prohibits employers from shifting the costs of travel related business expenses to employees" and denying motion to dismiss Wage Act and Minimum Wage Act claims regarding same). Under this provision, courts have found that the shifting of ordinary costs of doing business to the employee violates the Wage Act. <u>See</u> <u>Martins v. 3PD Inc.</u>, No. 11-cv-11313-DPW, 2014 WL 1271761, at *6-7 (D. Mass. March 27, 2014) (holding that the plaintiffs had established a Wage Act violation based on the fact that business expenses were deducted from plaintiffs'

paycheck); see also DaSilva v. Border Transfer of MA, Inc., 377 F. Supp. 3d 74, 89 (D. Mass. 2019) (holding that requiring employees to front insurance premiums constitutes wage reduction under the Wage Act).  The Supreme Judicial Court "has made clear that any attempt by an employer to shift the ordinary cost of doing business to its employees must be met with skepticism and carefully scrutinized."  Martins, 2014 WL 1271761, at *5 (citations omitted); see Awuah v. Coverall North America, Inc., 460 Mass. 484, 497 n.22 (2011) (stating that an agreement for an employee to bear the cost of their employer's insurance violates the Wage Act because it effectively reduces wages).  Travel expenses are effectively business expenses in that they represent the cost of doing business in multiple locations and there is no reason to suggest that the Wage Act would allow an employer to circumvent their duties when the statute bars wage reduction "by any other means."  See Garcia, 2016 WL 3144372, at *3-4.

Here, as alleged, Defendants required Furtado to travel many miles using his own vehicle while working on behalf of Republic Parking.  D. 1-1 ¶¶ 90-99.  As a result of this travel, Furtado personally incurred expenses for which he has not been reimbursed yet, thereby reducing "by any other means" the wages that he received.  Id. at ¶¶ 94-97.  That is, incurring these expenses effectively "reduce[s] wages just as effectively as if the employer had . . . [to pay travel expenses] and deducted funds from . . . [Furtado's] wages."  Awuah, 460 Mass. at 497 n.22 (addressing employer's insurance costs when borne by the employee).  Accordingly, the Court DENIES the motion to dismiss as to Count III.[2]

---

[2] The complaint cites the Wage Act and Regulation § 27.04 for the basis of his claim regarding travel expenses, D. 1-1 ¶¶ 138-146, but has cited both the Wage Act and the Minimum Wage Act in his opposition to the motions to dismiss.  D. 10 at 9-19.  Because this Court holds that Furtado states a cognizable claim under the Wage Act, the Court does not reach Furtado's arguments regarding the Minimum Wage Act.

**VI.     Conclusion**

For the foregoing reasons, the Court ALLOW the motions to dismiss, D. 5, 14, as to Count

II, but DENIES them as to Count III.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge